```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:

LIBOR-Based Financial Instruments           MEMORANDUM AND ORDER
Antitrust Litigation.
                                              11 MD 2262(NRB)

THIS DOCUMENT RELATES TO: All Cases

------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pursuant to this Court's October 18, 2011 Memorandum and Order, counsel seeking to serve as interim class counsel have presented the Court with supplemental submissions and revised leadership proposals. For the reasons discussed below, we appoint Hausfeld LLP ("Hausfeld") and Susman Godfrey LLP ("Susman Godfrey") as interim class counsel for the putative class of over-the-counter plaintiffs, and we appoint Kirby McInerney LLP ("Kirby McInerney") and Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") as interim class counsel for the putative class of exchange-based plaintiffs. We also grant the motion to consolidate related class action complaints.

## BACKGROUND

This multi-district litigation involves twenty-three related complaints filed against member banks of the British Bankers' Association ("BBA") London Interbank Offer Rate

("LIBOR") Panel (collectively "defendants"). Plaintiffs in these cases allege that defendants artificially suppressed LIBOR by understating their borrowing costs to the BBA.

In our October 18, 2011 Memorandum and Order, we determined that even though all plaintiffs make similar substantive allegations, separate putative classes should be maintained for those plaintiffs who engaged in over-the-counter transactions and those plaintiffs who purchased financial instruments on an exchange. Because the record was unclear as to the proper classification of several of the plaintiffs, we requested that counsel inform us as to the plaintiffs they currently represent and whether those plaintiffs are over-the-counter purchasers or exchange-based purchasers. Counsel have now provided us with the requested information, and several firms have reorganized their leadership proposals to conform with our decision to maintain separate putative classes.

## DISCUSSION

### I. Interim Class Counsel Proposals

Previously, the law firms of Grant & Eisenhofer PA ("Grant & Eisenhofer"), Kirby McInerney, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), and Lovell Stewart had submitted a proposal under which the four firms would act as interim class counsel for both categories of plaintiffs. These firms have now divided, with two of the firms proposing to represent over-the-

counter plaintiffs and the other two seeking to represent exchange-based plaintiffs. We are separately presented with an additional class counsel proposal for each of the putative classes. Thus, we are now faced with two proposals with respect to each putative class of plaintiffs.

A. **Over-the-Counter Plaintiffs**[1]

1. **Grant & Eisenhofer Proposal**

Grant & Eisenhofer and Robbins Geller – previously part of the four-firm proposal – now seek to represent the putative class of over-the-counter plaintiffs ("Grant & Eisenhofer Proposal"). Robbins Geller currently represents two institutional plaintiffs, Carpenters Pension Fund of West Virginia and City of Dania Beach Police & Firefighters Retirement System, that purchased floating rate debt tied to LIBOR from one or more of the defendants. Grant & Eisenhofer currently represents Ravan Investments, LLC ("Ravan"), an institutional plaintiff that entered into unspecified types of over-the-counter transactions with defendant UBS. The Grant & Eisenhofer Proposal is also supported by plaintiff's counsel in

---

[1] We have also received a motion for appointment as interim class counsel from the law firms of Scott & Scott LLP and Robbins, Kaplan, Miller & Ciresi LLP. These firms seek to represent a putative class of plaintiffs that engaged in interest rate swaps only. This motion was submitted on November 15, 2011, roughly two and a half months after the deadline we set for counsel to submit motions for appointment as interim class counsel. We deny these firms' motion on this ground alone, but we also note that after reviewing the firms' submissions, we disagree that there is a need for separate putative class treatment for plaintiffs who engaged in different forms of over-the-counter transactions.

3

Insulators & Asbestos Workers Local 14 v. Bank of Am. Corp., No. 11 Civ. 3781 (S.D.N.Y.).

### 2. Baltimore Proposal

Hausfeld and Susman Godfrey submit a competing proposal with respect to the over-the-counter plaintiffs ("Baltimore Proposal"). These firms currently represent the Mayor and City Council of Baltimore in connection with Baltimore's having entered into "hundreds of millions of dollars" of interest rate swaps with defendants.

## B. Exchange-Based Plaintiffs

### 1. Kirby McInerney Proposal

Kirby McInerney and Lovell Stewart – the other two firms in the previous four-firm proposal – now seek to represent the putative class of exchange-based plaintiffs ("Kirby McInerney Proposal"). Kirby McInerney currently represents two foreign institutional investors, FTC Capital GmbH and Metzler Investment GmbH, that purchased exchange-based derivatives. Lovell Stewart currently represents Roberto E. Calle Gracey, an individual investor who purchased LIBOR-based futures contracts on the Chicago Mercantile Exchange. The Kirby McInerney Proposal also has the support of plaintiffs in six of the other cases pending before this Court.[2]

---

[2] These plaintiffs are 303030 Trading LLC, Atlantic Trading USA, LLC, AVP Properties LLC, Independence Trading Inc., Gary Francis, and Nathanial Haynes.

### 2. Lowey Dannenberg Proposal

The law firm Lowey Dannenberg Cohen & Hart PC ("Lowey Dannenberg") also seeks to be appointed interim class counsel for the exchange-based plaintiffs. In the initial round of submissions on this issue, Lowey Dannenberg did not actually apply to serve as interim class counsel, but rather acquiesced to the previously referenced four-firm proposal, under which Lowey Dannenberg would have served as a "designated fiduciary" for exchange-based plaintiffs. Lowey Dannenberg currently represents Jeffrey Laydon and Richard Hershey, two individual investors who purchased LIBOR-based futures contracts.

## II. Interim Class Counsel Selection

Rule 23(g) of the Federal Rules of Civil Procedure allows a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The designation of interim class counsel is especially encouraged in cases such as the instant matter where there are multiple, overlapping class actions that require extensive pretrial coordination. See In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004)).

The considerations set out in Rule 23(g)(1)(A), which govern the appointment of class counsel once a class is

certified, are widely accepted to apply to the designation of interim class counsel before certification as well. See id.; see also Walker v. Discover Fin. Servs., No. 10-cv-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011). These criteria include: (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will devote to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

Unfortunately, the application of these factors does not guide us to a particular result in this case. All of the firms submitting applications have extensive experience in complex litigation, and we are more than confident that they have adequate knowledge of the applicable law. In addition, we have little doubt that the firms would each devote significant resources to prosecuting plaintiffs' claims. Finally, although certain of the firms may have brought suit earlier than others, all of the firms have demonstrated that they have thoroughly investigated the relevant claims, rendering this factor not determinative. We are therefore forced to rely on other case-specific factors to choose between the competing proposals.

### A. Over-the-Counter Plaintiffs

Although the Grant & Eisenhofer Proposal carries the support of a greater number of plaintiffs, the Baltimore Proposal has the support of a plaintiff with by far the greatest economic interest. As previously referenced, the Mayor and City Council of Baltimore claim that Baltimore entered into hundreds of millions of dollars of interest rate swaps with defendants. Plaintiffs supporting the Grant & Eisenhofer Proposal do not allege to have held anywhere near this level of exposure. Furthermore, the market for interest rate swaps in general constitutes an extremely high percentage of the overall market for over-the-counter LIBOR-based transactions. Counsel for Baltimore present data suggesting that the worldwide nominal value of LIBOR-based interest rate swaps – $300 million as of September 2008 – is nearly thirty times the market for LIBOR-based debt (which is the market in which plaintiffs represented by Robbins Geller participated).[3] While this case is not governed by the Private Securities Litigation Reform Act of 1995, and therefore we are not guided entirely by the magnitude of a plaintiff's economic interest, we nevertheless find this consideration highly relevant.

---

[3] As previously described, Grant & Eisenhofer has not specified the type of over-the-counter transactions entered into by its client, Ravan. However, even if Ravan did enter into interest rate swaps, we safely assume that the size of its holdings did not approach that of Baltimore's.

We also find persuasive the fact that Hausfeld maintains an office in London with a full-time staff of at least five solicitors. Given that the case appears to involve extremely complicated factual issues, we believe that having dedicated and locally trained attorneys at the site of the core operative facts could prove extremely beneficial.

Finally, although less important to our determination, we note that Hausfeld and Susman Godfrey have only ever sought to represent over-the-counter plaintiffs, while Grant & Eisenhofer and Robbins Geller previously sought to represent exchange-based plaintiffs as well. Although we have no doubt that the latter two firms would zealously pursue the interests of over-the-counter plaintiffs were we to appoint them, there is some possibility that these plaintiffs could be prejudiced by their counsel having minimized the antitrust standing questions facing the exchange-based plaintiffs, and more generally from having suggested that all plaintiffs should be treated in a like manner.

Based on these considerations, we appoint Hausfeld and Susman Godfrey as interim class counsel for the putative class of over-the-counter plaintiffs.

B. **Exchange-Based Plaintiffs**

Our decision with respect to interim class counsel for the exchange-based plaintiffs is less difficult. Kirby McInerney and

8

Lovell Stewart currently represent two institutional plaintiffs and one individual plaintiff, and the firms' proposal has the support of plaintiffs in six other cases. In contrast, Lowey Dannenberg currently represents just two individual plaintiffs and its proposal has the support of no other plaintiffs. The diversity and sheer number of plaintiffs supporting the Kirby McInerney Proposal are compelling factors in favor of their appointment.

We also find that Kirby McInerney and Lovell Stewart have adequately addressed the Article III standing issues raised by Lowey Dannenberg with respect to the foreign plaintiffs represented by Kirby McInerney. With that said, we caution that if any representation made by Kirby McInerney and Lovell Stewart on this issue is found to be inaccurate, and the proposed plaintiffs lack standing as a result, Kirby McInerney and Lovell Stewart will be removed as lead counsel and Lowey Dannenberg will be substituted.[4]

Subject to this proviso, we appoint Kirby McInerney and Lovell Stewart as interim class counsel for the exchange-based plaintiffs.

---

[4] This Court experienced the waste and delay that occurs when a proposed plaintiff is found to lack standing in In re IMAX Securities Litigation, 06 Civ. 6128 (S.D.N.Y). We have no interest in reliving that experience when the issue of standing has been raised up front.

III. <u>Consolidation</u>

We have also been presented a motion to consolidate the related class action complaints before this Court.[5] (Docket no. 10 at 22-25.)

Consolidation of actions under Federal Rule of Civil Procedure 42(a) is appropriate when "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, there is substantial overlap in defendants across the cases, and the underlying factual issues presented are seemingly identical – namely whether these defendants deliberately manipulated LIBOR. The legal issues presented are also common across the complaints, as the cases to be consolidated all involve claims under the Sherman Antitrust Act and/or the Commodity Exchange Act.

We therefore consolidate all related class action complaints pending before this Court, as well as any future class action complaints alleging similar conduct and raising the same legal claims.

---

[5] The motion does not seek consolidation of three cases not filed as class action complaints that were transferred to this Court by the Judicial Panel of Multi-District Litigation ("JPML") on September 14, 2011: <u>Schwab Money Market Fund v. Bank of America Corp.</u>, No. 11 Civ. 6412 (N.D. Cal.); <u>Charles Schwab Bank v. Bank of America Corp.</u>, No. 11 Civ. 6411 (N.D. Cal.); <u>Schwab Short-Term Bond Market Fund v. Bank of America Corp.</u>, No. 11 Civ. 6409 (N.D. Cal.). Accordingly, we do not consolidate these actions with the related class action complaints.

**CONCLUSION**

For the foregoing reasons, we hereby order: (1) that the LIBOR-related class action complaints currently pending before this Court be consolidated for all purposes under Federal Rule of Civil Procedure 42(a),[6] under the following caption: <u>In Re: Libor-Based Financial Instruments Antitrust Litigation</u>, Master File No. 1:11-md-02262-NRB; (2) that the law firms of Hausfeld LLP and Susman and Godfrey LLP are appointed to serve as interim class counsel for the putative class of over-the-counter plaintiffs; (3) that the law firms of Kirby McInerney LLP and Lovell Stewart Halebian Jacobson LLP are appointed to serve as interim class counsel for the putative class of exchange-based plaintiffs; and (4) within 20 days, interim class counsel shall submit to this Court a proposed order to facilitate their representation of the putative classes and to advance the conduct and progress of the litigation.[7]

**SO ORDERED.**

---

[6] The captions of these cases are: 11 Civ. 2613; 11 Civ. 2883; 11 Civ. 3128; 11 Civ. 3249; 11 Civ. 3423; 11 Civ. 3781; 11 Civ. 3925; 11 Civ. 4421; 11 Civ. 4736; 11 Civ. 5450; 11 Civ. 5638; 11 Civ. 5640; 11 Civ. 5641; 11 Civ. 5927; 11 Civ. 5928; 11 Civ. 5929; 11 Civ. 5930; 11 Civ. 5931; 11 Civ. 7676; 11 Civ. 7715.

[7] If counsel believes that the litigation would benefit from an in-person conference before the Court to discuss the next steps to be taken in the litigation, they are invited to contact the Court so informing us.

Dated:   New York, New York
         November 29, 2011

*[signature]*

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for Plaintiffs:**

Linda P. Nussbaum, Esq.
Grant & Eisenhofer PA
485 Lexington Avenue, 29th Floor
New York, NY 10017

David E. Kovel, Esq.
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022

Samuel H. Rudman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747

Christopher Lovell, Esq.
Lovell Stewart Halebian Jacobson LLP
61 Broadway, Suite 501
New York, NY 10006

Arun Srinivas Subramania, Esq.
Susman Godfrey LLP
654 Madison Avenue
New York, NY 10065

Ralph Johnson Bunche, III, Esq.
Hausfeld LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006

Brendan Patrick Glaskin, Esq.
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street
29th Floor
San Francisco, CA 94111-3339

Max R. Schwartz, Esq.
Scott & Scott LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110

**Attorneys for Defendants:**

Arthur J. Burke, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

David Marx, Esq.
McDermott, Will & Emery LLP
227 West Monroe Street #4400
Chicago, IL 60606-5096

Edwin R Deyoung, Esq.
Locke Lord Bissell & Liddell LLP
3 World Trade Financial Center, 20th Floor
New York, NY 10281-2101

Dana Ashley Jupiter, Esq.
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017

Lawrence H. Heftman, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Andrew W. Stern, Esq.
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

Sean Miles Murphy, Esq.
Milbank, Tweed, Hadley & McCloy LLP

1 Chase Manhattan Plaza
New York, NY 10005

Brian J. Poronsky, Esq.
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Il 60661