# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

Telephone
Facsimile
212.608.1900                                                                                                      212.719.4775

September 18, 2013

VIA ECF

Honorable Naomi Reice Buchwald
United States District Judge
500 Pearl Street
New York, NY 10007-1312

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation*,
         11-MD-2262 (NRB)

Dear Judge Buchwald:

The Exchange-Based plaintiffs write to request a pre-motion conference to file a motion, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Rule 2(B) of Your Honor's Individual Practices, to certify for appeal this Court's dismissal of their antitrust claim and the denial of their motion to amend as to that claim. The motion should be granted because the antitrust claims are separable from the remaining Commodity Exchange Act ("CEA") and state law claims and there is no just reason for delay given that the same issues will already be on appeal.

Yesterday, the bondholder plaintiffs appealed as of right the only issue on which the Exchange-Based plaintiffs seek leave to appeal: whether antitrust injury was sufficiently pled. Because the Exchange-Based plaintiffs simply seek permission to join the existing appeal of this same issue, considerations of judicial efficiency and the equities strongly favor granting the Exchange-Based plaintiffs' motion for partial judgment.

The decision to enter final judgment on certain claims pursuant to Rule 54(b) is left to the sound discretion of the court, which should exercise its discretion "in the interest of sound judicial administration." *Curtiss-Wright Corp. v. General Elec. Corp.*, 446 U.S. 1, 8 (1980). Courts consider the following three questions when deciding a Rule 54(b) motion, with no one factor controlling the analysis: 1) whether the case involves multiple claims or parties; 2) whether the court's decision finally disposes of the claim; and 3) whether there is no just reason for delay in entry of judgment. *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1096 (2d Cir. 1992). In considering whether there is no just reason for delay,

September 18, 2013
Page 2

courts consider the interests of judicial efficiency and the equities to the parties. All three factors strongly support certification here.

First, the claims are not "inherently inseparable." *Id.* ("Only those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification."). The dismissal of the antitrust claim hinges on a narrow issue concerning antitrust injury that has no bearing on the viability of the CEA and state law claims. Moreover, courts frequently grant partial judgment on antitrust claims when CEA and state law claims remain because they present different theories of liability and plaintiffs will pursue the higher damages of antitrust claims even if they prevail on state law claims. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437 n. 9 (1956) (affirming final judgment on antitrust claim, while state law claim for breach of contract remained, because the antitrust claim rested on an "independent basis of liability"); *Geneva Pharmaceuticals Tech. Corp. v. Barr Laboratories, Inc.*, 2002 WL 31159048 at *3 (S.D.N.Y. 2002) (entering final judgment on antitrust claims, while state law claims remained, because plaintiffs are entitled to treble damages on antitrust claims and "'the claim for greater relief would be pressed by the plaintiff even if the other claim were granted'" (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987))); *Korwek v. Hunt*, 646 F.Supp. 953, 966-67 & n. 13 (S.D.N.Y. 1986), *aff'd*, 827 F.2d 874 (2d Cir. 1987) (entering final judgment on antitrust claims and most, but not all, CEA claims, while CEA claim remained).

Second, the dismissal of the antitrust claim under Rule 12(b)(6) finally disposed of that claim within the meaning of 28 U.S.C. 1291. *See, e.g.*, *Perks v. Town of Huntington*, 96 F. Supp. 2d 222, 233 (E.D.N.Y. 2000) (dismissing several claims under Rule 12(b)(6) and directing entry of judgment on those claims under Rule 54(b)).

Finally, there is "no just reason for delay" in entering judgment on the antitrust claim. The equities weigh strongly in favor of certification because the Exchange-Based plaintiffs should be permitted to brief and argue the appeal that will determine the major issue on their Sherman Act claims—whether antitrust injury is sufficiently pled—at the same time that the bondholder plaintiffs are appealing that same issue.

Certification will also advance judicial economy. No part of these or any proceedings will be delayed by permitting the Exchange-Based plaintiffs to participate in an existing appeal. Although District Courts should seek to avoid certifications that result in unnecessary piecemeal appeals, that danger is absent here because the Second Circuit will already be hearing the appeal of the antitrust injury issue. To the contrary, if certification is not granted, there is a danger that the Second Circuit may have to decide interrelated issues twice. For example, in

September 18, 2013
Page 3

opposition to the bondholders' appeal, defendants will likely argue (as they argued before this Court) that the Second Circuit may affirm the dismissal of the bondholders' antitrust claim on the ground that the bondholders lack antitrust standing under *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) for reasons inapplicable to Exchange-Based Plaintiffs. While plaintiffs disagree, there would be great inefficiency if the Second Circuit were to adopt this argument, affirm the bondholders' dismissal for this independent reason, and be forced to adjudicate the dismissal of the Exchange-Based plaintiffs' interrelated antitrust claim in a separate appeal with overlapping briefing.

For these reasons, the Exchange-Based Plaintiffs respectively request a pre-motion conference to address their motion for partial judgment. This is an infrequent harsh case where failing to grant partial judgment would serve no benefit to judicial economy and would greatly prejudice the moving party.

Thank you for your continued consideration of these matters.

Respectfully submitted,

**Lovell Stewart Halebian Jacobson LLP**      **Kirby McInerney LLP**
/s/ Christopher Lovell                          /s/ David Kovel

cc:     All Counsel (by e-mail)