# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

September 20, 2013

**BY HAND DELIVERY AND ECF**

Re:   *In re LIBOR-Based Financial Instruments Antitrust Litigation,*
      MDL No. 2262, 11 Civ. 2613, Master File No. 1:11-md-2262-NRB

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Buchwald:

      We are liaison counsel for Defendants in the above matter, and we write pursuant to Your Honor's Individual Practice Rule 2D to summarize the arguments advanced in Defendants' Motion for Reconsideration of the Court's March 29, 2013 Memorandum and Order (the "Mar. 29 Order")[1] (the "Motion"). The Motion, made today pursuant to leave granted in the Court's August 23, 2013 Memorandum and Order (Dkt. No. 389) (the "Aug. 23 Order"),[2] seeks reconsideration of the March 29 Order insofar as it denied Defendants' Motion to Dismiss Plaintiffs' Commodity Exchange Act ("CEA") claims, and requests dismissal of those claims as to all Defendants on the ground that Plaintiffs have failed to adequately plead specific intent.

      In its Aug. 23 Order, this Court recognized "serious questions regarding whether plaintiffs have adequately pleaded motive."[3] The Court then invited Defendants to address three

---

[1] *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262(NRB), 2013 WL 1285338 (S.D.N.Y. Mar. 29, 2013).

[2] *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262(NRB), 2013 WL 4504769 (S.D.N.Y. Aug. 23, 2013).

[3] *Id.* at *7.

issues, namely: (a) whether "plaintiffs adequately alleged scienter," including whether the allegation that Defendants held positions in the Eurodollar futures market is sufficient, and what showing Plaintiffs must make to demonstrate that Defendants' LIBOR submissions were made with the specific intent to manipulate the price of Eurodollar futures (as opposed to other motivations unrelated to the Chicago Mercantile Exchange ("CME") Eurodollar futures market); (b) whether "plaintiffs' informational handicaps" changed the result; and (c) whether the specific intent arguments were "equally applicable to all defendants."[4]

The instant Motion addresses each of these issues, and demonstrates that dismissal of the CEA claims in the First Amended Complaint is warranted as to all Defendants.

*First*, the Motion shows that Plaintiffs have failed to adequately allege scienter because they have not alleged facts that give rise to a strong inference that each Defendant performed a manipulative act with the purpose or conscious object of causing or effecting a price or price trend in the market for Eurodollar futures on the CME. Plaintiffs' bare allegation that Defendants "held positions in the Eurodollar futures market" during the Class Period fails to create the necessary strong inference. This wholly conclusory assertion suggests—at most—the type of generalized profit-based motive that courts regularly find insufficient to support a manipulation claim. Plaintiffs have alleged no specific actions exhibiting actual intent to manipulate the price of Eurodollar futures contracts on the CME, nor any communications supporting such intent.

The Motion also shows that Plaintiffs' allegations are internally inconsistent and implausible. The "reputation-based" and "issuance-based" motive allegations[5] pled by Plaintiffs are that Defendants acted to persistently keep LIBOR artificially low. Indeed, persistent LIBOR suppression is the only theory of wrongdoing left following this Court's Aug. 23 Order. But that persistent suppression theory is entirely inconsistent with the trading-based motivation supposedly suggested by Defendants' market positions; persistent suppression is hardly a profitable trading strategy. And it is entirely implausible that each Defendant's market position would benefit from—rather than being hurt by—consistent downward pressure on LIBOR. Plaintiffs' allegations thus defy economic reason and fail to establish a reasonable inference of specific intent.

*Second*, the Motion shows that the purported "informational handicaps"—namely, the asserted inability to allege each Defendant's specific trading positions in Eurodollar futures on the CME—do not change the result. This "handicap" is generally present in market manipulation cases at the motion to dismiss stage, and yet courts routinely dismiss claims like Plaintiffs' in the absence of particularized allegations without suggesting that their deficiencies are excused by an inability to specify market positions. Further, Plaintiffs' allegations would not benefit from details of Defendants' trading positions because the allegations would remain inconsistent with Defendants' other alleged motives to continuously suppress LIBOR.

---

[4] *Id.* at *8-*9 & n.13.

[5] *See* First Amended Complaint ¶¶ 46-47.

*Third*, the Motion shows that Plaintiffs' allegations are deficient as to all Defendants because Plaintiffs make the same allegations of scienter as to all of them.

Defendants accordingly request that this Court dismiss the CEA claims against all Defendants, with prejudice.

Respectfully yours,

Robert F. Wise

cc:   All counsel (by e-mail)