# MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

LOS ANGELES
213-892-4000
FAX: 213-629-5063

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-20-7615-3000
FAX: 44-20-7615-3100

FRANKFURT
49-69-71914-3400
FAX: 49-69-71914-3500

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

BEIJING
8610-5969-2700
FAX: 8610-5969-2707

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65 6428-2400
FAX: 65-6428-2500

TOKYO
813-5410-2801
FAX: 813-5410-2891

SÃO PAULO
55-11-3927-7700
FAX: 55-11-3927-7777

DAVID R. GELFAND
PARTNER
DIRECT DIAL NUMBER
212-530-5520
E-MAIL: dgelfand@milbank.com

August 20, 2014

**By ECF and Hand Delivery**

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 11-MD-2262 (NRB)

Dear Judge Buchwald:

    We are counsel for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. ("Rabobank") in the above-referenced matter. We submit this letter in response to the Exchange-Based Plaintiffs' ("Plaintiffs") letter dated August 13, 2014 ("August 13 Letter"). In the August 13 Letter, Plaintiffs seek a pre-motion conference to consider their request to file, *inter alia*: (i) a motion for leave to amend the Complaint to assert trader-based manipulation claims against Rabobank for the post-August 2007 period based on recent regulatory settlements involving defendant Lloyds Banking Group ("Lloyds"), and (ii) a motion for reconsideration of the portion of the Court's June 23, 2014 Memorandum Decision and Order ("*LIBOR III*") that denied Plaintiffs leave to amend the Complaint to assert trader-based manipulation claims against Rabobank for the post-August 2007 period. Plaintiffs' requests should be denied.

**Leave to File the Proposed Motion to Amend Should Be Denied**

    The Court should deny Plaintiffs' request for leave to file the proposed motion to amend because the Lloyds settlements contain absolutely no references to conduct of Rabobank traders in relation to U.S. Dollar ("USD") LIBOR. The only reference to Rabobank in the Lloyds settlement documents concerns Japanese Yen LIBOR. This Court has been clear that Plaintiffs "will only be able to recover . . . with regard to those employees involved in the manipulation of USD LIBOR, ***not of other indices such as Yen LIBOR***." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 722 (S.D.N.Y. 2013) ("*LIBOR I*") (emphasis added). Plaintiffs' sole basis for their request is the entirely speculative – and baseless – assertion that "Lloyds' interaction with Rabobank in one currency quite plausibly could have occurred in USD

LIBOR as well" and that "[t]his is made all the more plausible since the settlement documents contain only examples of trader-based manipulation, as opposed to a full record." August 13 Letter at 3-4. Allegations based on speculation cannot support a motion for leave to amend.[1]

### Leave to File the Proposed Motion for Reconsideration Should Be Denied

The Court should also deny Plaintiffs' request for leave to file the proposed motion for reconsideration. "Reconsideration is appropriate only where a court has overlooked controlling decisions or facts presented in the underlying motion which, had they been considered, might reasonably have altered the result of the initial decision." *In re Fosamax Prods. Liab. Litig.*, 815 F. Supp. 2d 649, 651-52 (S.D.N.Y. 2011) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Plaintiffs' request does not satisfy this standard. Plaintiffs seek leave to file a motion for reconsideration based solely on an assertion that the Court overlooked the fact that their November 5, 2013 letter, which sought leave to add trader-conduct allegations against Rabobank ("November 5 Letter"), did not limit those allegations to the pre-August 2007 period. *See* August 13 Letter at 1, 4-5. The Court, however, did not overlook the November 5 Letter. Indeed, the Court acknowledged that Plaintiffs "have repeatedly attempted" to include claims for trader-based manipulation against both Barclays and Rabobank that fall outside the January 2005 to August 2007 window and cited Plaintiffs' briefing in support of their request for leave to amend to add trader-conduct allegations against Rabobank. *LIBOR III*, 2014 WL 2815645, at *8, slip op. at 22.

In reality, Plaintiffs seek reconsideration because they disagree with the Court's ruling. Reconsideration is not appropriate in these circumstances.[2] In August 2013, this Court denied Plaintiffs leave to add *any* allegations of trader-based manipulation on the grounds that such allegations would be futile. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 962 F. Supp. 606, 619 (S.D.N.Y. 2013) ("*LIBOR II*"). Thereafter, on September 6, 2013, Plaintiffs filed a motion seeking reconsideration of that aspect of *LIBOR II*, but expressly limited the relief they sought to "[r]econsideration of that portion of [*LIBOR II*] denying Plaintiffs [*sic*] motion to amend their allegations to include trader-based manipulation during the period January 1, 2005 through the beginning of August 2007." ECF No. 397 at 1. In addition, in a letter to the Court dated September 10, 2013, Plaintiffs separately sought leave to file an amended complaint that would include new allegations of trader-based manipulation but once again expressly limited the scope of the allegations they sought to add to the pre-August 2007 period. *See* ECF No. 402 at 1 (seeking leave to add allegations related to "pre-August 2007 events of manipulation revealed by the government settlements").

---

[1] *See, e.g., Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, No. 13 Civ. 1101 (GBD), 2014 U.S. Dist. LEXIS 23917, at *16-17 (S.D.N.Y. Feb. 14, 2014) (leave to amend denied as futile where proposed amendments "depended on [a] wholly speculative assertion" that "ma[de] a tenuous and conclusory comparison"); *WeCare Holdings, LLC v. Bedminster Int'l Ltd.*, No. 08-CV-6213, 2009 WL 604877, at *43 (W.D.N.Y. Mar. 9, 2009) (leave to amend denied as futile where proposed amendments were insufficient "to raise a right to relief above the speculative level").

[2] *See, e.g., In re JPMorgan Chase & Co. Deriv. Litig.*, No. 12 Civ. 03878 (GBD), 2014 U.S. Dist. LEXIS 106259, at *4 (S.D.N.Y. July 29, 2014) ("A motion for reconsideration is not an opportunity to reargue those issues already considered when a party does not like the way the original motion was resolved.") (internal quotations and citations omitted); *see also Shrader*, 70 F.3d at 257 (a motion for reconsideration should be denied where "the moving party seeks solely to relitigate an issue already decided").

Hon. Naomi Reice Buchwald
August 20, 2014
Page 3

After Rabobank settled with various government regulators in late-October 2013, and while Plaintiffs' motions for reconsideration and to amend were pending, Plaintiffs filed the November 5 Letter, expressly seeking to "provide **supplemental information** relevant to Plaintiffs' **motion to amend** their operative pleading" based on the Rabobank settlements. ECF No. 493 at 1 & n.1 (emphases added). Citing its pending motion for reconsideration (which, like Plaintiffs' motion to amend, sought relief only as to the pre-August 2007 time period), Plaintiffs stated that the Rabobank settlements "further demonstrate that Plaintiffs can adequately allege trader-based manipulation within the contours of [*LIBOR II*]." *Id.* at 1 & n.2. Nowhere in the November 5 Letter did Plaintiffs seek to expand the proposed timeframe of their then-pending motions. On November 27, 2013, the Court stated that it would consider Plaintiffs' November 5 Letter and Defendants' November 13, 2013 response to that letter (ECF No. 497) "as supplemental briefing on the plaintiffs' September 6, 2013 Motion for Reconsideration of [*LIBOR II*]." ECF No. 511. No party objected to this approach.

Notwithstanding this procedural history, Plaintiffs now contend that the Court should have disregarded the motions to which Plaintiffs' November 5 Letter was explicitly tied, and assume that Plaintiffs intended in their November 5 Letter to broaden the timeframe of their then-pending motions. *See* August 13 Letter at 4-5. The Court correctly concluded, however, that references to post-August 2007 conduct at Rabobank in Plaintiffs' briefing did not expand the scope of the relief Plaintiffs sought following *LIBOR II*.

The Court did not overlook Plaintiffs' repeated efforts to include post-August 2007 trader-conduct claims against Rabobank. In any event, Plaintiffs do not identify any fact or controlling law that the Court allegedly overlooked that "might reasonably have altered the result of" the Court's decision. *See In re Fosamax Prods. Liab. Litig.*, 815 F. Supp. 2d at 651-52. Aside from Plaintiffs' improper attempt to shift the goalposts, *LIBOR III* limited Plaintiffs' trader-conduct claims as to both Barclays and Rabobank to the pre-August 2007 time period for the additional reason that Plaintiffs' proposed claims concerning the later periods are time-barred. *See LIBOR III*, 2014 WL 2815645, at *8, slip op. at 22. The CEA's two-year statute of limitations bars *all* CEA claims from the period August 2007 to April 14, 2009. *Id.*, 2014 WL 2815645, at *3 n.5, slip op. at 9 n.5 (concluding that "claims based on **contracts purchased after August 2007** would be" time barred) (emphasis added). This holding applies equally to "persistent suppression" and trader-based manipulation claims. *See LIBOR I*, 935 F. Supp. 2d at 709 (Court was "inclined to think that the [LIBOR articles] placed plaintiffs on inquiry notice of their injury based on *any* sort of LIBOR manipulation," including persistent suppression and trader-based claims). For this additional reason, Plaintiffs should be denied leave to file the proposed motion for reconsideration (and the proposed motion to amend).

Reconsideration is "an extraordinary remedy to be employed sparingly" given "the interests of finality and conservation of scarce judicial resources." *Small v. Nobel Biocare USA, LLC*, Nos. 05 Civ. 3225(NRB), 06 Civ. 683(NRB), 2012 WL 952396, at *1 (S.D.N.Y. Mar. 21, 2012) (quoting *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)) (internal quotations omitted). This Court has now issued multiple decisions regarding Plaintiffs' efforts to allege trader-based manipulation claims. Plaintiffs identify no sufficient or proper basis for reconsideration.

Hon. Naomi Reice Buchwald
August 20, 2014
Page 4

      For the foregoing reasons, the Court should deny Plaintiffs' requests to file a motion for leave to amend and to file a motion for reconsideration.

                                         Respectfully submitted,

                                         */s/ David R. Gelfand*

                                         David R. Gelfand

cc: All counsel (via ECF)