```
                                         USDC SDNY
                                         DOCUMENT
                                         ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT             DOC #:
SOUTHERN DISTRICT OF NEW YORK            DATE FILED: 10/14/2014
------------------------------------X
In re:

LIBOR-Based Financial Instruments        MEMORANDUM AND ORDER
Antitrust Litigation.
                                         11 MD 2262 (NRB)
This Document Applies to: All Cases

------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In the motions before the Court, plaintiffs in several putative class actions request the appointment of interim class counsel. Plaintiffs in two overlapping actions also seek to consolidate their cases. As we describe in greater detail below, we grant the motions to appoint interim counsel; direct plaintiffs to amend their complaints within thirty days; and request the parties to submit a briefing schedule for motions to dismiss the amended complaints.

### I.   Background

This multi-district litigation involves forty-eight related complaints filed against member banks of the British Bankers' Association ("BBA") London Interbank Offer Rate ("LIBOR") Panel and related entities (collectively, "defendants"). Plaintiffs in these cases allege that defendants artificially suppressed or inflated U.S.-dollar LIBOR by misstating their borrowing costs to the BBA.

1

In 2012, defendants filed a motion to dismiss the complaints of four categories of plaintiffs—the "Exchange-Based Plaintiffs," who had traded in exchange-based derivatives tied to LIBOR; the "OTC Plaintiffs," who had traded in over-the-counter derivatives tied to LIBOR; the "Bondholder Plaintiffs," who had traded in variable-rate bonds tied to LIBOR; and the "Schwab Plaintiffs," non-class plaintiffs related to the Charles Schwab investment firm. See ECF Nos. 165-69, 171, 173-80. Over the next two-and-a-half years, we addressed motions regarding these four categories of complaints,[1] and maintained a stay on all other cases. See Mem. and Order, 2012 WL 3578149, Aug. 14, 2012, ECF No. 205.

After LIBOR III, we invited counsel to address the next steps in this litigation, including the formation of new classes. See Letter at 2, July 17, 2014, ECF No. 572. In response, plaintiffs' counsel in several of the stayed cases requested leave to file motions to organize new interim classes and to appoint counsel for those classes. See Letter at 1, Aug. 20, 2014, ECF No. 626. We then granted leave for plaintiffs to file such motions. See Order at 1, Sept. 5, 2014, ECF No. 628.

---

[1] See In re LIBOR-Based Fin. Instruments Antitrust Litig. (LIBOR I), 935 F. Supp. 2d 666, ECF No. 286 (S.D.N.Y. Mar. 29, 2013); In re LIBOR-Based Fin. Instruments Antitrust Litig. (LIBOR II), 962 F. Supp. 2d 606, ECF No. 389 (S.D.N.Y. Aug. 23, 2013); In re LIBOR-Based Fin. Instruments Antitrust Litig. (LIBOR III), ___ F. Supp. 2d ___, 2014 WL 2815645, 2014 U.S. Dist. LEXIS 86765, ECF No. 568 (S.D.N.Y. June 23, 2014).

2

Four groups of plaintiffs filed motions to create new interim classes and to appoint counsel.[2] We received only one limited objection, which the parties have resolved. See Letter (Oct. 3, 2014), ECF No. 658; infra at 4-5. Because no opposition requires a reply, we consider these motions as fully briefed and address them in this Order.

## II.  Interim Class Proposals

### A. Student Loan Borrowers' Proposal

Two cases were filed in Illinois and Wisconsin[3] on behalf of student loan borrowers and co-signers. The cases raise both common law causes of action on behalf of nationwide classes and state-specific statutory causes of action on behalf of state-specific subclasses.

Plaintiffs now request that we recognize them as interim representatives of a somewhat broader, nationwide class of all persons who obtained or co-signed student loans where the interest rate was linked to LIBOR and the loan was outstanding

---

[2] See Appl. of Pls. Jerry Weglarz, Nathan Weglarz and Stephanie Nagel for Establishment of a Separate Putative Class Group in the MDL ("Weglarz/Nagel Appl."), ECF No. 640 (student loan borrowers); Earle Pls.' Notice of Mot. for Appointment of Interim Co-Lead Class Counsel ("Earle Mot."), ECF No. 641 (homeowners alleging inflation); Lender Class Pls.' Mot. for Appointment of Interim Class Counsel and Consolidation of All Related Cases ("Lender Mot."), ECF No. 644 (lenders); Mem. of Law in Supp. of Pls. Carl A. Payne and Kenneth W. Coker's Mot. for Creation of a New Homeowner Class Group and for Appointment of Baron & Budd, P.C. as Interim Lead Counsel ("Payne/Coker Mot."), ECF No. 647 (homeowners alleging suppression). See also Lender Class Pls.' Mem. of Law in Further Supp. of Mot. for Appointment of Interim Class Counsel and Consolidation of All Related Cases and Notice of Non-Opposition, ECF No. 679.

[3] Weglarz v. JP Morgan Chase Bank, N.A., No. 13-cv-1198 (S.D.N.Y.), transferred from No. 13-cv-684 (N.D. Ill.); Nagel v. Bank of Am., N.A., No. 13-cv-3010 (S.D.N.Y.), transferred from No. 13-cv-260 (W.D. Wis.).

3

on or after January 1, 2007,[4] and that we appoint the current counsel in both cases, Edelman Combs Latturner & Goodwin, LLC, as interim class counsel.

## B. Lenders' Proposal

Two cases were filed in this Court[5] on behalf of a class of all banks, savings & loan institutions, and credit unions headquartered in the United States, that originated loans, purchased whole loans, or purchased interests in loans whose LIBOR-linked interest rates adjusted between August 1, 2007, and May 31, 2010.  This class would exclude any businesses controlled or majority-owned by any defendant or the officers and directors of any defendant, the members of their immediate families, and their legal representatives, heirs, successors, or assignees.  Plaintiffs also agree that their putative class should exclude institutions with respect to claims that fall within the scope of the existing putative class of OTC Plaintiffs.  See Letter, Oct. 3, 2014, ECF No. 658.  Once incorporated into an amended complaint, this second limitation would resolve the OTC Plaintiffs' concern that this class would

---

[4] Rule 23 of the Federal Rules of Civil Procedure does not recognize "interim representatives" as a category of litigant. We therefore do not address this branch of plaintiffs' motion, but simply take note that plaintiffs may act on behalf of putative classes, as they have done to date, and may choose to expand or re-define their putative classes in an amended complaint. Of course, we expect that plaintiffs will propose appropriate subclasses in any amended complaint, particularly with respect to their state-specific statutory claims.

[5] The Berkshire Bank v. Bank of Am. Corp., No. 12-cv-5723 (S.D.N.Y.); Dirs. Fin. Grp., No. 13-cv-1016 (S.D.N.Y.).

otherwise overlap with the OTC Plaintiffs' existing putative class. See id.

Plaintiffs now request that we consolidate these two cases, and that we appoint their current counsel, Pomerantz LLP, as interim class counsel.

### C. Homeowners' Proposal (Alleged Suppression)

One case was filed in California[6] on behalf of U.S. residents who obtained LIBOR-based adjustable-rate mortgages (ARMs) between March 2007 and March 2011, and who were allegedly damaged by artificially high interest rates once the suppression of LIBOR ended.

Plaintiffs now request that we recognize them as interim class representatives[7] and that we appoint their current counsel, Baron & Budd, P.C., as interim class counsel.

### D. Homeowners' Proposal (Alleged Inflation)

Two cases were filed in this Court by unrelated groups of plaintiffs and counsel on behalf of homeowners with LIBOR-based ARMs, who were allegedly damaged by the artificial inflation of LIBOR.[8] The putative classes cover somewhat different ranges of time, and the putative class in Adams includes only mortgagors whose mortgages were subsequently securitized. The complaint in Earle alleges only federal antitrust causes of action, though

---

[6] Payne v. Bank of Am. Corp., No. 13-cv-598 (S.D.N.Y.), transferred from No. 12-cv-6571 (N.D. Cal.).
[7] See supra note 4.
[8] Earle v. Bank of Am. Corp., No. 13-cv-407 (S.D.N.Y.); Adams v. Bank of Am. Corp., No. 12-cv-7461 (S.D.N.Y.).

5

plaintiffs intend to raise state-law actions on behalf of state-specific subclasses. See Earle Mot. at 1. The complaint in Adams alleges a broader range of federal and New York causes of action.

The Earle plaintiffs now request that we appoint their current counsel, Kaplan Fox & Kilsheimer LLP and Block & Leviton LLP, as interim class counsel.

The Adams plaintiffs joined in the pre-motion letter that preceded the present motions, see Letter at 1 & n.1 (Aug. 20, 2014), ECF No. 626, but have not filed any motion for appointment of interim counsel and have not submitted any other papers indicating an intent to move forward. As is the case for parties in other inactive cases, the parties in Adams will be bound by any broad-based, substantive rulings issued by this Court. See Order at 2, Sept. 5, 2014, ECF No. 628.

## III. Discussion

### A. Appointment of Counsel

The Federal Rules of Civil Procedure allow a court to "designate interim counsel to act on behalf of a putative class action before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The designation of interim class counsel is especially encouraged in cases where there are multiple, overlapping class actions that require extensive pretrial coordination. See In re Air Cargo Shipping

Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing Manual for Complex Litigation (4th) § 21.11 (2004)).

The considerations set out in Rule 23(g)(1)(A), which govern the appointment of permanent class counsel once a class is certified, are widely accepted to apply to the designation of interim class counsel as well. See id.; see also Walker v. Discover Fin. Servs., No. 10-cv-6994, 2011 WL 2160889 at *2 (N.D. Ill. May 26, 2011). The mandatory criteria to consider are (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(A). A court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the putative class. Fed. R. Civ. P. 23(g)(1)(B). Even an unopposed application may not be granted unless the applicant adequately meets the Rule 23(g) factors. See Fed. R. Civ. P. 23(g)(2).

Having reviewed each of the (unopposed) applications, we are satisfied that all of the applicant firms have extensive experience in complex litigation and that they have adequate knowledge of the applicable law. In addition, we have no basis

7

to doubt that they will meet the remaining criteria. We also note that there do not appear to be any material conflicts between subclasses that will be represented by the same interim counsel. We therefore appoint each firm as interim counsel for the respective proposed classes.

Of course, this decision indicates no view of the merits of these classes' claims, because the merits themselves are irrelevant to the capabilities of these counsel to investigate and present the merits.

### B. Consolidation of Lender Actions

The plaintiffs of the Proposed Lender Class also request that we consolidate their two nearly identical cases under Rule 42(a) of the Federal Rules of Civil Procedure. We have previously declined to consolidate cases under Rule 42(a), because our authority under the MDL statute extends only to pre-trial matters, while Rule 42 effectuates consolidation for all purposes (including trial). See Mem. and Order, July 18, 2012, ECF No. 187. In this instance, however, both Berkshire Bank and Directors Financial were originally filed in this Court, so our original jurisdiction over these two cases extends through final judgment. See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig., 333 F.3d 763 (7th Cir. 2003), abrogated on other grounds, Smith v. Bayer Corp., ___ U.S. ___, 131 S. Ct. 2368

(2011). We therefore have jurisdiction to consolidate the two cases, and we grant the motion.

### C. Amended Complaints and Motions to Dismiss

In our order of September 5, 2014 (ECF No. 638), we directed plaintiffs to file any amended complaints within thirty days of this ruling. We renew that direction here and invite the parties to propose a briefing schedule for motions to dismiss the amended complaints, not to exceed sixty days from filing to reply.

The Weglarz and Nagel plaintiffs, whose cases will ultimately be remanded to separate courts (see 28 U.S.C. § 1407(a); Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lynch, 523 U.S. 26 (1998)), may choose whether to file separate complaints or a consolidated complaint.

### D. Conclusion

To summarize our holdings:

- The motions to designate interim class counsel are granted, with the modification that interim counsel in Berkshire Bank and Directors Financial shall not represent any persons for claims that fall within the scope of the existing class of OTC Plaintiffs.
- Berkshire Bank and Directors Financial are consolidated for all purposes, including trial.

9

- The parties in Adams will continue to be bound by our broad-based, substantive rulings.

- Plaintiffs shall file amended complaints within thirty days of this order. The parties shall also propose a briefing schedule for motions to dismiss the amended complaints.

IT IS SO ORDERED.


Dated: New York, New York
       October 14, 2014

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE