UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, et al., <br><br>   Plaintiffs, <br> v. <br> CREDIT SUISSE GROUP AG, et al., <br>   Defendants. | 11-cv-5450 (NRB) |
| FTC Capital GmbH, et al., <br><br>   Plaintiffs, <br> v. <br> CREDIT SUISSE GROUP AG, et al. <br>   Defendants. | 11-cv-2613 (NRB) |

**DECLARATION OF ANDREW J. CALICA IN SUPPORT OF SOCIÉTÉ GÉNÉRALE'S UNCONTESTED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DIRECTION OF <u>SUBMISSION OF HAGUE CONVENTION APPLICATION</u>**

Pursuant to 28 U.S.C. § 1746, Andrew J. Calica hereby declares:

1. I am a partner with the law firm Mayer Brown LLP, counsel for Defendant Société Générale ("SG") in the above-captioned actions. I submit this declaration in support of SG's Uncontested Motion for Issuance of Request for International Judicial Assistance, Appointment of Commissioner and Direction of Submission of Hague Convention Application.

2. I have spoken with counsel for the Over-the-Counter and Exchange-Based plaintiffs ("Plaintiffs"), and Plaintiffs do not oppose this motion.

- 2 -

3. SG respectfully requests that the Court enter the proposed Order (in the form annexed hereto as Exhibit A):

(1) Issuing a Request for International Judicial Assistance in the Authorization of a Commissioner ("Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapters I and II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 (the "Hague Convention") in the form annexed hereto as Exhibit B;

(2) Appointing Mr. Alexander Blumrosen as commissioner ("Commissioner") pursuant to Article 17 of the Hague Convention, pending the approval of the French Ministère de la Justice, to (a) receive from SG its French-originated documents that are responsive to Plaintiffs' Renewed First Coordinated Set of Requests for Production of Documents to Revived Defendants, Request No. 38, subject to (i) the parties' agreement that the documents shall be those U.S. dollar LIBOR documents that SG previously produced to U.S. governmental authorities pursuant to their requests for production (the "Documents"), and (ii) a reservation of SG's objections, (b) simultaneously transmit the Documents to counsel for Plaintiffs and SG pursuant to Article 17 of the Hague Convention and in performance of his appointment as Commissioner and duties thereunder, and (c) upon completion to inform the French Ministère de la Justice;

(3) Directing submission of the Order and Request for Assistance to the French Ministère de la Justice, for the purpose of approving the appointment of the Commissioner;

(4) Granting the additional relief set forth in the Order; and

(5) Granting such other and further relief as this Court may deem just and proper.

4. The Documents will be produced in accordance with the procedures outlined in the Amended Stipulation and Protective Order, entered on May 12, 2016, in this action.

5. Beginning in April 2011, Plaintiffs have filed actions naming as defendants SG and numerous other financial institutions. Plaintiffs have alleged, *inter alia*, that SG and other defendants conspired to manipulate U.S. dollar LIBOR during the period August 2007 through May 31, 2010. In doing so, Plaintiffs have asserted a variety of claims including federal antitrust claims, Commodity Exchange Act claims, contract and equitable claims and various state law claims. Some of those claims have been dismissed as against SG and others are the subject of ongoing motion practice.

6. In its June 17, 2016 Order, the Court directed the previously dismissed banks, including SG, to reproduce to Plaintiffs copies of the documents previously provided to governmental authorities. (ECF No. 1461). On June 21, 2016, Plaintiffs served their Renewed First Coordinated Set of Requests for Production of Documents to Revived Defendants (annexed hereto as Exhibit C) ("Plaintiffs' Requests") in these actions. On June 22, 2016, SG sent a letter to the Court requesting that the parties be permitted a brief period of time to complete their meet-and-confer in the hope of reaching an agreement on SG's production of documents responsive to Plaintiffs' Request No. 38 that would enable SG to comply with French law and timely produce the documents to Plaintiffs, with particular regard for the class certification schedule that is in place. (ECF No. 1465). The parties thereafter continued to meet-and-confer and reached an agreement, which is described further below. This motion concerns Request No. 38 of Plaintiffs' Requests, which seeks the production of: "All documents provided by You to any Government Regulator or Exchange investigating the manipulation of USD LIBOR, USD LIBOR Setting, or USD LIBOR Submissions."

7.  In response to Plaintiffs' Requests, SG—a limited liability company (société anonyme) incorporated and headquartered in France—has asserted, among others, objections based on French Law No. 68-678 of July 26, 1968 relating to the Communication of Economic, Commercial, Industrial, Financial or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980 ("Law No. 80-538"), and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").

Article 1 *bis* of Law No. 80-538 provides that:

> Subject to the international treaties or agreements and applicable laws and regulations, it is prohibited for any person to request, to seek or to communicate, in writing, orally or in any other form, documents or information of an economic, commercial, industrial, financial or technical nature, leading to the establishment of evidence in view of foreign judicial or administrative proceedings or in relation thereto.[1]

It is SG's position that Plaintiffs' Requests, including Request No. 38, fall squarely within this provision of French law.[2]

8.  Pursuant to Article 3 of Law No. 80-538, "subject to any greater penalties provided by the law," a failure to comply with Article 1 *bis* is punishable by a maximum

---

[1] (*Unofficial English translation*). A French version is available at https://www.legifrance.gouv.fr/affichTexte.do;jsessionid=828EA3F1B60377CE01EB986EA324 039F.tpdjo03v_3?cidTexte=JORFTEXT000000501326&idArticle=LEGIARTI000006513699& dateTexte=20080221 (a copy of which is annexed hereto as Exhibit D). A copy of the Hague Convention is annexed hereto as Exhibit E.

[2] Plaintiffs do not agree with SG's position. Nor do they agree that, to obtain documents from SG in this litigation, they are required under applicable law to engage in the *Laydon* process described herein. Plaintiffs have consented to the *Laydon* process on the terms set forth in a separate agreement between Plaintiffs and SG for the sole purpose of expediting production of documents responsive to Request No. 38. Plaintiffs expressly reserve their right to challenge the use of the *Laydon* process except as set forth in that agreement, and nothing herein shall be construed as a waiver of or impediment to the exercise of that right.

sentence of 6 months imprisonment and/or by a fine up to € 18,000 for individuals and € 90,000 for legal entities.

9.      The prohibition in Law No. 80-538, Article 1 *bis* does not apply when the parties take evidence in France under international treaties or agreements and applicable laws and regulations, which include the Hague Convention. Both France and the United States are signatories to the Hague Convention. A list of parties to the Hague Convention is available at http://www.hcch.net/upload/overview20e.pdf.

10.     Article L. 511-33 of the French Monetary and Financial Code ("Article L. 511-33") imposes a duty of professional secrecy on French banks, such as SG, to ensure the protection of banking clients' privacy, specifically, their confidential banking information, and to preserve the secrecy necessary for business.[3] This duty extends to all clients of a French bank. It is SG's position that Plaintiffs' Requests, including Request No. 38, call for the production of documents and transactional data that contain information protected by Article L. 511-33.

11.     A failure to comply with Article L. 511-33, could lead to criminal and/or civil penalties. Pursuant to Article 226-13 of the French Criminal Code, a violation of Article L. 511-33 is punishable by a maximum sentence of 1 year in prison and a fine of €15,000 for individuals or €75,000 for legal entities. Article L. 511-33 is not violated when client confidential information is anonymized or pseudonymized and the taking of evidence in France occurs pursuant to the Hague Convention.

12.     Commission nationale de l'informatique et des libertés ("CNIL") Law No. 78-17 of January 6, 1978 on Information Technology, Data Files and Civil Liberties, amended by Law

---

[3]     Le Service Public de la Diffusion du Droit, Unofficial English translation *available at* https://www.legifrance.gouv.fr/content/download/1996/13927/version/2/file/CoMOFI+%C3%A0+jour+L+version+EN+novembre+2010.pdf (a copy of which is annexed hereto as Exhibit F).

no. 2004-801 of August 6, 2004 ("Law No. 78-17"), governs how French companies can collect, process, export and produce materials containing "personal data" to non European Union recipients. Law No. 78-17 defines "personal data" as: "Any information relating to a natural person who is or who can be identified, directly or indirectly, by reference to an identification number or to one or more factors specific to him. In order to determine whether a person is identifiable, all the means that the data controller or any other person uses or may have access to should be taken into consideration."[4] It is SG's position that Plaintiffs' Requests, including Request No. 38, call for the production of documents and transactional data that contain personal data protected by Law No. 78-17.

13.     Pursuant to Article 226-22-1 of the French Criminal Code, a failure to comply with Law No. 78-17 is punishable by a maximum sentence of 5 years imprisonment and/or by a fine up to € 300,000. SG could also face civil liability if it is found to have violated Law No. 78-17. The Hague Convention must be observed when transferring personal data from France to a country outside the European Union, such as the United States. Law No. 80-538 and Law No. 78-17 are complementary and therefore proceeding through the Hague Convention, although necessary, does not by itself release the French entity from compliance with Law No. 78-17. Notification must also be provided to the CNIL when the personal data is located in France and transferred to the United States for the purposes of litigation.

14.     The parties have agreed to channel Request No. 38 through the Hague Convention consent procedures, the same process that the parties used and Judge Pitman endorsed in *Laydon*

---

[4] Commission nationale de l'informatique et des libertés, Unofficial English translation *available at* https://www.cnil.fr/sites/default/files/typo/document/Act78-17VA.pdf (a copy of which is annexed hereto as Exhibit G.)

*v. Mizuho Bank* (Case No. 12-cv-3419).[5] The process agreed upon by SG and Plaintiffs will allow SG to comply with the French laws referred to in paragraphs 7 – 13, supra.

15. The Hague Convention provides for two methods of obtaining evidence of the kind sought by Request No. 38: (1) letter of request (or letters rogatory) procedure; and (2) consent procedures. The consensual procedure in Chapter II of the Hague Convention—on which SG and Plaintiffs rely here (and which SG and plaintiff relied on in *Laydon*)—provides for the use of a commissioner in France, appointed by this Court and approved by the French Ministère de la Justice, to receive documents from the producing party and to simultaneously transmit those documents to counsel for the requesting party and the producing party.[6]

16. The Commissioner proposed by SG, and agreed to by Plaintiffs, Mr. Alexander Blumrosen, is an attorney resident in Paris, France, who is qualified to be commissioned to obtain evidence in France pursuant to Chapter II of the Hague Convention and who has advised SG that he is willing serve as a commissioner in this matter, if appointed.

17. Upon issuance of the Request for Assistance and endorsement of the proposed Order by this Court, Mayer Brown LLP, counsel for SG, will file or will request the

---

[5] For another example of a court in this District granting an uncontested motion for issuance of a request for international judicial assistance and appointment of a commissioner for the taking of evidence in France pursuant to the Hague Convention, see *RCA Trademark Management S.A.S. v. Voxx International Corporation, et al.*, Case No. 1:14-cv-06294-TLS (S.D.N.Y.) (Dkt. Nos. 119-121).

[6] The consent procedures do not require the intervention of a French court. *See, e.g., Reiss v. Société Central du Groupe des Assurances Nationales*, 246 F. Supp. 2d 285, 290 (S.D.N.Y. 2003) ("The notice and commission procedures do not necessitate involvement on the part of the French judicial authorities and as such should be feasible in a more timely manner."); *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 560 n.16 (1987) (Blackmun, J. concurring in part and dissenting in part) ("According to the French Government . . . if a commissioner has been named [by an American court] pursuant to Article 17 . . . [a]uthorization [to take discovery] is granted routinely and, when necessary, has been obtained within one to two days.").

Commissioner to file both documents (and any exhibits thereto), along with French translations of both documents (and any exhibits thereto), with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France. Upon approval of the Commissioner by the Ministère de la Justice, SG can begin transmission of the Documents to the Commissioner.

18. In order to expedite the process, the attached Request for Assistance contains paragraph 3 stating that the Commissioner has been designated to accept service of the Hague Convention authorization and notifications from French governmental authorities related to the Hague Convention proceedings on behalf of SG and to transmit the authorization and notifications to counsel for Plaintiffs and SG simultaneously.

19. As discussed, proceeding through the Hague Convention satisfies the requirements of Law No. 80-538. In addition, the parties have agreed that SG will anonymize or pseudonymize confidential client information that is subject to Article L. 511-33 and transmit a corresponding log to the Commissioner to be forwarded to Plaintiffs' counsel. SG has (or will prior to transmission of documents to the Commissioner) provide notification to the CNIL consistent with Law No. 78-17.

20. Additional terms of the agreement between SG and Plaintiffs, including as to timing and scope of the production, are reflected in the Request for Assistance and the proposed Order. The agreement is between SG and these Plaintiffs only.

21. The parties have agreed that all costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by SG. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings

arising from this Hague Convention process; however, if counsel is required to travel to France to attend any proceedings arising from this Hague Convention process, SG will bear the reasonable travel-related expenses for one attorney for Plaintiffs.

22. Neither this motion, the proposed Order, the transmission of Documents by SG to the Commissioner pursuant to the Hague Convention, any examination of Documents by the Commissioner, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of any party in the above-captioned actions, including any defense to personal jurisdiction that SG has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of New York. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated: New York, New York
July 28, 2016

*(signature)*

Andrew J. Calica
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Fax: (212) 262-1910
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*

720973588