# Exhibit "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, et al., <br><br>                              Plaintiffs, <br><br>               v. <br><br> CREDIT SUISSE GROUP AG, et al., <br><br>                              Defendants. | 11-cv-5450 (NRB) |
| FTC Capital GmbH, et al., <br><br>                              Plaintiffs, <br><br>               v. <br><br> CREDIT SUISSE GROUP AG, et al. <br><br>                              Defendants. | 11-cv-2613 (NRB) |

**[PROPOSED] ORDER GRANTING UNCONTESTED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION**

The Court, having reviewed the Notice of Motion and the Declaration of Andrew J. Calica, dated July 28, 2016, together with the exhibits annexed thereto in support of Defendant Société Générale's ("SG's") Uncontested Motion for Issuance of Request for International Judicial Assistance, Appointment of Commissioner and Direction of Submission of Hague Convention Application (the "Motion"), and finding it proper to issue a Request for International Judicial Assistance to authorize a Commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapters I and II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS THAT:

(1) The Motion is GRANTED.

(2) The form of Request for Assistance annexed to the Calica Declaration as Exhibit B is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

(3) Pursuant to Article 17 of the Hague Convention, Alexander Blumrosen, whose address is Bernard-Hertz-Béjot, 8 rue Murillo – 75008 PARIS 75, France (the "Commissioner"), is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

(a) receive from SG its French-originated documents that are responsive to Plaintiffs' Renewed First Coordinated Set of Requests for Production of Documents to Revived Defendants, Request No. 38, subject to the parties' agreement that the documents shall be those U.S. dollar LIBOR documents that SG previously produced to U.S. governmental authorities pursuant to their requests for production (the "Documents");

    (b)    simultaneously transmit the Documents to counsel for Plaintiffs and SG pursuant to Article 17 of the Hague Convention and in performance of his appointment as commissioner and duties thereunder; and

    (c)    upon completion, inform the French Ministère de la Justice.

(4) Following receipt of the Documents by counsel for SG, counsel for SG will transmit the Documents to counsel for the other defendants in this action.

(5) This signed Order and the signed Request for Assistance will be given to Mayer Brown LLP, counsel for SG, which will file or will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

(6) This signed Order and the signed Request for Assistance will be filed with the Ministère de la Justice within seven (7) business days of their receipt. SG will use its best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner.

(7) SG's initial transmission of Documents to the Commissioner will occur by approximately August 8, 2016. SG's initial transmission will include its transactional data, as well as approximately 570,000 – 870,000 written documents, and approximately 6,000 audio files, that SG previously produced to U.S. governmental authorities pursuant to their requests for production. SG will transmit the remaining Documents to the Commissioner for rolling production to be completed within approximately thirty (30) days thereafter (unless otherwise extended by the consent of the parties, which consent shall not be unreasonably withheld).

(8) By agreement of the parties, SG will anonymize or pseudonymize confidential client information and transmit a corresponding log to the Commissioner to be forwarded to Plaintiffs' counsel.

(9) The Amended Stipulation and Protective Order, entered on May 12, 2016, in this action shall apply to SG's production of Documents.

(10) Any unresolved disputes between SG and Plaintiffs regarding the production of the Documents received by the Commissioner shall be determined exclusively by this Court. Further, any unresolved disputes between SG and Plaintiffs concerning any Documents withheld from the Commissioner on the basis of an assertion of privilege shall be determined exclusively by this Court. The Commissioner will adhere to any such order issued by this Court relating to document discovery in the above-captioned actions.

(11) Plaintiffs will not seek relief from this Court so long as the filing of this signed Order and the signed Request for Assistance with the Ministère de la Justice and transmission of the Documents to the Commissioner for production occur within the timeframes set forth in paragraphs (6) – (7) above. Plaintiffs may seek relief from this Court, after first meeting-and-conferring in good faith with SG if: (a) at any time, Plaintiffs fail to receive reasonable assurances from SG of its efforts promptly to seek approval of the Court's Request for Assistance, appointment of the Commissioner or transmission of the Documents to the Commissioner for production; or (b) after approximately August 8, 2016 (unless otherwise extended by the consent of the parties), SG has not begun its transmission of the Documents to the Commissioner for production, regardless

of the cause for delay. SG will not object to a request by Plaintiffs for relief from this Court on the basis that this Motion was uncontested.

(12) All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by SG. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process; however, if counsel is required to travel to France to attend any proceedings arising from this Hague Convention process, SG will bear the reasonable travel-related expenses for one attorney for Plaintiffs.

(13) Neither this Order, the transmission of Documents by SG to the Commissioner pursuant to the Hague Convention, any examination of Documents by the Commissioner, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of any party in the above-captioned action, including any defense to personal jurisdiction that SG has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of New York. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5)

and Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated: New York, New York
_____, 2016

                                        SO ORDERED

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE