# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| METZLER INVESTMENT GmbH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT SUISSE GROUP AG, et al., <br><br> Defendants. | No. 11 Civ. 2613 |

## [PROPOSED] ORDER (1) PRELIMINARILY APPROVING SETTLEMENTS WITH DEFENDANTS BANK OF AMERICA, BARCLAYS BANK PLC, CITI, DEUTSCHE BANK, HSBC BANK PLC, JPMORGAN, AND SOCIÉTÉ GÉNÉRALE; (2) APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE; AND (3) SCHEDULING A FAIRNESS HEARING

**WHEREAS**, the above-captioned matter (the "Action") is a putative class action before this Court;

**WHEREAS**, Plaintiffs Metzler Asset Management GmbH (f/k/a Metzler Investment GmbH), FTC Futures Fund SICAV, FTC Futures Fund PCC Ltd., Atlantic Trading USA, LLC, 303030 Trading LLC, Gary Francis, and Nathanial Haynes (collectively, the "Exchange-Based Plaintiffs"), for themselves and on behalf of others who transacted in Eurodollar futures and/or options on Eurodollar futures between January 1, 2003 and May 31, 2011, entered into: (1) an Amendment to the Settlement Agreement, dated September 15, 2017, to the Settlement Agreement with Barclays Bank plc ("Barclays"), dated October 7, 2014 [ECF No. 2307-3]; (2) a Settlement

Agreement with Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc. (collectively, "Citi"), dated July 27, 2017 [ECF No. 2307-4]; (3) a Settlement Agreement with Deutsche Bank AG, Deutsche Bank Securities Inc., and DB Group Services (UK) Ltd. (collectively, "Deutsche Bank"), dated July 13, 2017 [ECF No. 2307-5]; (4) a Settlement Agreement with HSBC Bank plc ("HSBC"), dated July 6, 2017 [ECF No. 2307-6]; (5) a Stipulation and Agreement of Settlement with JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") and Bank of America Corporation and Bank of America, N.A. (collectively, "BOA" and with JPMorgan, "JPMorgan/BOA") dated June 14, 2018 [ECF No. 2728-5]; and (6) a Stipulation and Agreement of Settlement with Société Générale ("SG") dated January 13, 2020 [ECF No. 3023-4],[1] which set forth the terms and conditions of the proposed settlements of the Action and which provide, subject to final approval, for the dismissal with prejudice of the Action and a full discharge of the Released Claims as to BOA, Barclays, Citi, Deutsche Bank, HSBC, JPMorgan, and SG;[2]

**WHEREAS**, Exchange-Based Plaintiffs moved for preliminary approval of the Settlement Agreements[3] [ECF Nos. 2307-1, 2728-1, 3023-4];

**WHEREAS**, Exchange-Based Plaintiffs moved for approval of a Notice Program [ECF No. 2729-1];

---

[1] BOA, Barclays, Citi, Deutsche Bank, HSBC, JPMorgan, and SG are collectively referred to as the "Settling Defendants" and, with the Settlement Class Members, the "Settling Parties." The September 15, 2017 amendment to the settlement agreement entered into by Exchange-Based Plaintiffs and Barclays, and the July 27, 2017, July 13, 2017, July 6, 2017, June 14, 2018, and January 1, 2020 settlement agreements entered into by the Exchange-Based Plaintiffs and Citi, Deutsche Bank, HSBC, JPMorgan/BOA, and SG respectively, are collectively referred to as the "Settlement Agreements."

[2] The Settlements with the Settling Defendants are not a settlement with any non-settling defendants (*e.g.*, named defendants other than Settling Defendants) and thus are not dispositive of any of Exchange-Based Plaintiffs' claims against these non-settling defendants. In addition, the proposed Settlements have no bearing on other outstanding claims asserted against non-settling defendants by plaintiffs in other actions consolidated with the Exchange-Based Plaintiffs' Action in the above-captioned LIBOR multidistrict litigation, No. 11 MDL 2262 (NRB) (S.D.N.Y.).

[3] On December 2, 2014, the Court granted preliminary approval of the Barclays Settlement. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 Civ. 2613, 2014 WL 6851096 (S.D.N.Y. Dec. 2, 2014) [ECF No. 861]. Accordingly, this Order only concerns the Amendment to the Settlement Agreement with Barclays.

**WHEREAS**, Exchange-Based Plaintiffs moved for preliminary approval of a Revised Plan of Distribution [ECF Nos. 2954-2957];

**WHEREAS**, the Court granted Exchange-Based Plaintiffs' motion for preliminary approval of the Revised Plan of Distribution [ECF No. 2973];

**WHEREAS**, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Settlement Agreements;

**NOW, THEREFORE**, the Court having read and considered the Settlement Agreements and the submissions relating thereto, upon all prior proceedings in the Action, and after due deliberation, **IT IS HEREBY ORDERED**:

1. **Preliminary Approval of Settlement Agreements**. The Court preliminarily approves the Settlement Agreements and the terms and conditions set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to each of the Settlement Classes (as defined below in paragraph 3). The Court finds that the Settlement Agreements were entered into at arm's-length by highly experienced counsel and are sufficiently within the range of reasonableness that notice of the Settlement Agreements should be given as provided in this Order.

2. **Fairness Hearing**. A Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before this Court at _11:00_ a.m. on _September 17_, 2020, [a date at least 180 calendar days from the date of this Order] at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 21A, 500 Pearl Street, New York, New York 10007. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Classes. The Court may finally approve the Settlements and enter Judgment, with such

3

modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Classes.

3. **Settlement Class Certification**. The Court preliminarily certifies, for purposes of settlement only, each of the respective settlement classes identified below (each individually a "Settlement Class" with all six collectively referred to as the "Settlement Classes") and finds that the Settlement Classes satisfy the requirements of Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3). The Settlement Classes are defined as follows:

> **Barclays Settlement Class**: All Persons (other than Defendants, their employees, affiliates, parents, subsidiaries, and co-conspirators) that transacted in LIBOR-based Eurodollar futures or options on exchanges such as the Chicago Mercantile Exchange between January 1, 2003 through May 31, 2011. *See* Barclays Settlement Agreement at ¶ 4 & Barclays Amendment to Settlement Agreement at ¶1, ECF Nos. 680-3, 2307-3, respectively;
>
> **Citi Settlement Class**: All Persons, corporations and other legal entities (other than Defendants, their employees, affiliates, parents, subsidiaries, and co-conspirators) that transacted in Eurodollar futures and/or options on Eurodollar futures on exchanges, including without limitation, the Chicago Mercantile Exchange, between January 1, 2003 and May 31, 2011. Excluded from the Class are: (i) Defendants, their employees, affiliates, parents, subsidiaries, and co-conspirators; (ii) the Releasees (as defined in Section 1(GG)); and (iii) any Class Member who files a timely and valid request for exclusion. *See* Citi Settlement Agreement at ¶2.A, ECF No. 2307-4;
>
> **Deutsche Bank Settlement Class**: All Persons that transacted in Eurodollar futures and/or options on Eurodollar futures on exchanges, including, without limitation, the Chicago Mercantile Exchange, between January 1, 2003 and May 31, 2011. Excluded from the Class are: (i) Defendants, their employees, Affiliates, parents, subsidiaries, and co-conspirators; (ii) the Releasees (as defined in Section 1(GG)); and (iii) any Class Member who files a timely and valid request for exclusion. *See* Deutsche Bank Settlement Agreement at ¶2.A, ECF No. 2307-5;
>
> **HSBC Settlement Class**: All Persons, corporations and other legal entities (other than Defendants, their employees, affiliates, parents subsidiaries, and co-conspirators) that transacted in Eurodollar futures and/or options on Eurodollar futures on exchanges, including without limitation, the Chicago Mercantile Exchange, between January 1, 2003 and May 31, 2011. Excluded from the Class are: (i) Defendants, their employees, affiliates, parents, subsidiaries, and co-conspirators; (ii) the Releasees (as defined in Section 1(GG)); and (iii) any Class

Member who files a timely and valid request for exclusion. *See* HSBC Settlement Agreement at ¶2.A, ECF No. 2307-6;

**JPMorgan/BOA Settlement Class**: All persons, corporations and other legal entities that transacted in Eurodollar futures and/or options on Eurodollar futures, including without limitation transactions on the Chicago Mercantile Exchange, between January 1, 2003 and May 31, 2011; provided that, if Exchange-Based Plaintiffs expand the class period in any subsequent amended complaint, motion or settlement, the class period in the Settlement Class definition in this Agreement shall be expanded so as to include such expansion. Excluded from the Class are: (i) Defendants, their employees, affiliates, parents, subsidiaries, and alleged co-conspirators; (ii) the Releasees (as defined in Section 1(II)); (iii) any Class Member who files a timely and valid request for exclusion; and (iv) any Persons dismissed from this Action with prejudice. Solely for purposes of the Settlement, the parties agree that Investment Vehicles are not excluded from the Settlement Class solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants. However, to the extent that any Defendant or any entity that might be deemed to be an affiliate or subsidiary thereof (i) managed or advised, and (ii) directly or indirectly held a beneficial interest in, said Investment Vehicle during the Class Period, that beneficial interest in the Investment Vehicle is excluded from the Settlement Class. *See* JPMorgan/BOA Settlement Agreement at ¶2.A, ECF No. 2728-5; and

**SG Settlement Class**: All persons, corporations and other legal entities that transacted in Eurodollar futures and/or options on Eurodollar futures on exchanges, including, without limitation, the Chicago Mercantile Exchange, between January 1, 2003 and May 31, 2011, inclusive; provided that if Exchange-Based Plaintiffs expand the class period in any subsequent amended complaint, motion or settlement, the period in the Settlement Class definition in this Agreement shall be modified so as to include that expanded class period. Excluded from the Settlement Class are: (i) Defendants, their employees, affiliates, parents, subsidiaries, and alleged co-conspirators; (ii) the Releasees (as defined in Section 1(CC)); (iii) any Settlement Class Member who files a timely and valid request for exclusion; and (iv) any Persons dismissed from this Action with prejudice. *See* SG Settlement Agreement at ¶2.A, ECF No. 3023-4.

All Persons falling within the definition of the Settlement Classes shall be deemed "Settlement Class Members."

4. **Settlement Class Representatives**. The Court appoints Plaintiffs Metzler Asset Management GmbH (f/k/a Metzler Investment GmbH), FTC Futures Fund SICAV, FTC Futures Fund PCC Ltd., Atlantic Trading USA, LLC, 303030 Trading LLC, Gary Francis, and Nathanial Haynes as Class Representatives for the Settlement Classes.

5

5. **Settlement Class Counsel**. The Court appoints Lovell Stewart Halebian Jacobson LLP and Kirby McInerney LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. **Claims Administrator.** The Court appoints A.B. Data, Ltd. (the "Claims Administrator") to execute the Notice Program set forth herein, process and analyze Claim Forms and otherwise administer the Settlements as set forth in the Settlement Agreements.

7. **Plan of Distribution**. By separate order dated September 4, 2019 (ECF No. 2973), the Court preliminarily approved the Revised Plan of Distribution.

8. **Form of Notice and Claim Form**. The Court approves, as to form and substance, the Notice of Class Action Settlements ("Mail Notice"), the Summary Notice of Class Action Settlements ("Summary Notice") and the Proof of Claim and Release ("Claim Form"), substantially in the form attached hereto as Exhibits 1, 2 and 3, respectively. The Court finds that the form and substance of the Mail Notice, Summary Notice and Claim Form satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

9. **Notice Program**. The Court finds that the Notice Program set forth herein satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), comports with due process and constitutes the best notice practicable under the circumstances. Accordingly, the Notice Program is approved.

   a. The Claims Administrator shall cause the Mail Notice (including the Plan of Distribution and Claim Form) to be mailed by first-class United States mail postage prepaid (or, for Mail Notice conducted within foreign countries, the corresponding class of postal delivery), to: (i) customers of Settling Defendants who executed Eurodollar futures or options on Eurodollar

futures transactions on the Chicago Mercantile Exchange ("CME") between January 1, 2003 and May 31, 2011 (the "Settlement Class Period") whose reasonably available names and last known addresses have been supplied to Settlement Class Counsel or to the Claims Administrator by Settling Defendants pursuant to the terms of the respective settlement agreements;[4] (ii) CME clearing firms that cleared Eurodollar futures or options transactions during the Settlement Class Period and whose names have been provided to Settlement Class Counsel in response to a subpoena issued to the CME Group, Inc.; (iii) "large traders" in Eurodollar futures or options during the Settlement Class Period whose names have been provided to Settlement Class Counsel in response to a subpoena issued to the CME Group, Inc.; and (iv) a proprietary list of banks, brokers and other investors maintained by the Claims Administrator. The foregoing mailings shall be substantially completed no later than sixty-five (65) business days after entry of this Order. Subject to sub-paragraph 9(b) below, to any extent that any Settling Defendant has not already provided the reasonably available names and last known addresses of their customers who executed Eurodollar futures or options transactions on the CME during the Settlement Class Period to Settlement Class Counsel (*see* n.4, *supra*), such names and addresses shall be produced to Settlement Class Counsel or to the Claims Administrator, as provided in the applicable Settlement Agreement, no later than fifteen (15) business days after entry of this Order.

        b.        To any extent that the reasonably available names and last known addresses of customers of the Settling Defendants who executed Eurodollar futures or options on Eurodollar futures transactions on the CME during the Settlement Class Period are believed to be protected by foreign countries' laws or regulations relating to bank secrecy, data protection, data privacy, or

---

[4] *See* Barclays Amendment to Settlement (ECF No. 2307-3, ¶3(a)); Citi Settlement (ECF No. 2307-4, Section 14.B); Deutsche Bank Settlement (ECF No. 2307.5, Section 14(B)); HSBC Settlement (ECF No. 2307-6, Section 14.B); JPMorgan/BOA Settlement (ECF No. 2728-5, Section 14(B)); SG Settlement (ECF No. 3023-4, Section 4).

confidentiality, the Settling Defendants (or an agent of the Settling Defendants) shall obtain copies of the Mail Notice (including the Plan of Distribution and Claim Form) from the Claims Administrator and cause such copies to be mailed to such customers no later than sixty-five (65) business days after entry of this Order. Properly documented and reasonable fees, costs and expenses actually incurred by the Settling Defendants or their agent(s) in connection with notifying members of the Settlement Classes in accordance with this paragraph shall be paid from the respective Settling Defendant's Settlement Fund. To the extent this provision applies, the Settling Defendants (or an agent or agents of the Settling Defendants) shall file a declaration or declarations with the Court attesting to their compliance with this provision of the Order no later than thirty-five (35) calendar days before the Fairness Hearing.

c. No later than sixty (60) calendar days after entry of this Order, the Claims Administrator shall begin to cause the Summary Notice to be published one time in the following financial newspapers: *The Wall Street Journal* (U.S. audience only), *Financial Times* (U.S. audience only); *The Bond Buyer*, and *Investor's Business Daily*.

d. No later than sixty (60) calendar days after entry of this Order, the Claims Administrator shall begin to cause the Summary Notice to be published one time in the following investment magazines and financial trade magazines: *The Economist, Barron's, CFO, FA – Financial Advisor, Global Capital, Global Investor, Grant's Interest Rate Observer, Hedge Fund Alert, Investment Advisor, InvestmentNews, Pensions & Investments* and *Stocks & Commodities* and twice in *Bloomberg Businessweek*.

e. No later than sixty (60) calendar days after entry of this Order, the Claims Administrator shall begin to cause banner ads (which shall include a link to the settlement website), to be placed on the following websites and e-newsletters: BarChart.com, GlobalCapital.com,

GlobalInvestorGroup.com, HFAlert.com, InstitutionalInvestor.com, InvestmentNews.com, ThinkAdvisor.com/investment-portfolio, Traders.com, *Stocks & Commodities*, *Barchart*, *Global Investor*, *Pensions & Investments*, *PLANSPONSOR* and *Money Manager*.

    f.  No later than sixty (60) calendar days after entry of this Order, the Claims Administrator shall begin to cause to be sent a custom email blast of the Summary Notice to subscribers of *Stocks & Commodities*.

    g.  No later than sixty (60) calendar days after entry of this Order, the Claims Administrator shall begin to cause the Summary Notice to be disseminated via PR Newswire's US1 Newsline distribution list.

    h.  No later than sixty (60) calendar days after entry of this Order, the Claims Administrator shall begin to cause digital banner and mobile media advertising to be placed via Google Display Networks and LinkedIn. The Claims Administrator shall also commence a Google AdWords/Search campaign for representative keywords applicable to the Settlements.

    i.  The Claims Administrator shall establish and maintain a settlement website, www.USDLiborEurodollarSettlements.com, within ten (10) calendar days after entry of this Order. The Mail Notice, Plan of Distribution, Claim Form, Settlement Agreements, and this Order shall be posted on the settlement website.

    j.  The Claims Administrator shall, within ten (10) calendar days after entry of this Order, establish a toll-free telephone number, which shall be listed in the Mail Notice and Summary Notice and posted on the settlement website. The Claims Administrator shall also, within ten (10) calendar days after entry of this Order, establish a post office box, which shall be listed in the Mail Notice and Summary Notice and posted on the settlement website.

k.      Brokers and other nominees who transacted in any U.S. Dollar LIBOR-based Eurodollar futures contracts and/or options on Eurodollar futures for the beneficial interest of a Settlement Class Member during the Settlement Class Period shall within seven (7) calendar days of receipt of the Mail Notice either: (i) provide to the Claims Administrator the name and last known address of each person or organization for whom or which the brokers or nominees held such U.S. Dollar LIBOR-based Eurodollar futures contracts and/or options on Eurodollar futures during the Settlement Class Period, and the Claims Administrator will send a copy of the Mail Notice to each identified beneficial owner; or (ii) request additional copies of the Mail Notice, which will be provided to the brokers or nominees free of charge, and within seven (7) calendar days, mail the Mail Notice directly to the beneficial owners.  Upon complying with this Order, such brokers or nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Funds in accordance with the provisions of the Settlement Agreements.  This Paragraph 9(k) shall apply to Settling Defendants (or their affiliates) only to the extent the identification of beneficial owners for which the Settling Defendants or their affiliates acted as brokers or nominees is not otherwise addressed in the Settlement Agreements.

l.      All fees, costs, and expenses incurred in identifying and notifying members of the Settlement Classes shall be paid solely from the Settlement Funds and as set forth in the Settlement Agreements.

m.  At least thirty-five (35) calendar days prior to the Fairness Hearing, the Claims Administrator shall file a sworn statement attesting to compliance with the notice provisions in ¶ 9.

10. Motions, memoranda of law and supporting documents in support of final approval of the Settlements, the Revised Plan of Distribution and applications by Settlement Class Counsel for attorneys' fees and reimbursement of expenses shall be filed no later than thirty-five (35) calendar days prior to the Fairness Hearing. Reply briefs, including responses to any objections, shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.

11. **Objections**. Any member of the Settlement Classes may appear at the Fairness Hearing in person or by counsel (at his, her or its own expense) and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of any or all of the proposed Settlements or any related matter (including the request for attorneys' fees and expenses, the Plan of Distribution or any other matter); provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters unless that Settlement Class Member or other Person has delivered by hand or sent by First-Class Mail written objections and copies of any supporting papers and briefs to Settlement Class Counsel, counsel for Settling Defendants, and filed same with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 such that the objection is received and filed (not simply postmarked) at least twenty-one (21) calendar days before the Fairness Hearing. To be valid, an objection must be in writing and include:

   a. The objecting Settlement Class Member's or other Person's name, address, and telephone number;

b. A statement identifying the Settlement(s) to which the Settlement Class Member or other Person is objecting;

c. The specific reasons for the objection(s) along with any supporting materials or documents;

d. A statement indicating whether the objecting Settlement Class Member or other Person plans to appear at the Fairness Hearing;

e. Proof of membership in the Settlement Class(es) associated with the Settlement(s) to which the Settlement Class Member is objecting. Specifically, a description of and documentation evidencing that the objecting Settlement Class Member's transactions fall within the Settlement Class definition (including, for each transaction, the identity of the broker (if any), the date of the transaction, the type of the transaction, the counterparty (if any), the exchange on which the transaction occurred, any transaction identification numbers, the rate, and the notional amount of the transactions); and

f. The objecting Settlement Class Member's or other Person's signature.

12. Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection (including appeals) to the fairness or adequacy of the proposed Settlements, Judgments, the Revised Plan of Distribution, or the award of attorneys' fees and expenses to Settlement Class Counsel, unless otherwise ordered by the Court. By objecting to the proposed Settlement, a Judgment, the Revised Plan of Distribution, and/or the award of attorneys' fees and expenses, or otherwise requesting to be heard at the Fairness Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect the Person's

objection or request to be heard. Discovery concerning objections shall be completed no later than three (3) calendar days before the Fairness Hearing.

13. Any Settlement Class Member may hire his, her, or its own attorney, at his, her, or its own expense, to represent the Settlement Class Member in making written objections or in appearing at the Fairness Hearing. If any Settlement Class Member chooses to hire an attorney at his, her, or its own expense, that attorney must file a notice of appearance with the Court and serve it on Settlement Class Counsel and counsel for Settling Defendants so that the notice is received fourteen (14) calendar days prior to the Fairness Hearing.

14. **Request for Exclusion**. Any Person falling within the definition of a Settlement Class defined in ¶ 3 above may, upon request, be excluded from the Settlements. Any such Person must submit to the Claims Administrator at the addresses specified in the Mail Notice a signed request for exclusion ("Request for Exclusion") by first-class mail postmarked no later than twenty-one (21) calendar days before the scheduled date of the Fairness Hearing. To be valid, a Request for Exclusion must be in writing and include:

    a. The Settlement Class Member's name, address, and telephone number;

    b. A signed statement that "I/we hereby request that I/we be excluded from the proposed Exchange-Based Settlement Classes in *In Re LIBOR-based Financial Instruments Antitrust Litig.*, 11 MDL No. 2262;"

    c. Proof of membership in the Settlement Classes. Specifically, a description of and documentation evidencing that the Settlement Class Member's transactions fall within the Settlement Classes (including, for each transaction, the identity of the broker (if any), the date of the transaction, the type of the transaction, the counterparty (if any), the exchange on which the transaction

occurred, any transaction identification numbers, the rate, and the notional amount of the transactions); and

d. The Settlement Class Member's signature.

15. All Settlement Class Members who submit valid and timely Requests for Exclusion in the manner set forth herein shall have no rights under the Settlement Agreements, shall not share in the distribution of any of the Net Settlement Funds, and shall not be bound by the Settlements or the Judgment entered in the Action. Any Person who fails to timely or validly file a Request for Exclusion, or whose Request for Exclusion is not otherwise accepted by the Court, shall be deemed a Settlement Class Member. At least seven (7) calendar days prior to the Fairness Hearing, the Claims Administrator shall file a sworn statement concerning any exclusion requests received from Settlement Class Members to any of the proposed Settlements.

16. **Claims Process**. Settlement Class Members who wish to participate in the Settlements and be eligible to potentially receive a distribution from the Net Settlement Funds must timely complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically to the Claims Administrator no later than seventy-five (75) calendar days after the Fairness Hearing.

17. **Stay**. Unless otherwise ordered by the Court, the Court stays all proceedings in the Action against the Settling Defendants other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreements.

18. **Settlement Funds**. The aggregate cash consideration provided for in the Settlement Agreements, which were reached separately, is $187,000,000. BOA has agreed to pay $15 million; Barclays has agreed to pay $19.975 million; Citi has agreed to pay $33.4 million; Deutsche Bank

has agreed to pay $80 million; HSBC has agreed to pay $18.5 million; JPMorgan has agreed to pay $15 million; and SG has agreed to pay $5,125,000. Payment of each Settlement Amount from each Settling Defendant shall be made pursuant to the Settlement Agreement entered into by each Settling Defendant.

19. **Escrow Agents**. The Court approves Signature Bank as the Escrow Agent for the Citi Settlement and Citibank, N.A. as the Escrow Agent for the BOA, Barclays, HSBC, Deutsche Bank, JPMorgan, and SG Settlements.

20. The Court approves the establishment of the escrow accounts as Qualified Settlement Funds ("QSF") pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSF. All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and further order(s) of the Court.

21. **Taxes**. The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Funds, to pay from the Settlement Funds any taxes owed with respect to the Settlement Funds and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court and in a manner consistent with the provisions of each Settlement Agreement.

22. **Termination**. In the event that any of the Settlement Agreements are terminated in accordance with their provisions, such Settlement Agreement(s) (the "Terminated Agreement(s)") and all proceedings had in connection therewith shall be null and void, and shall be without prejudice to the rights of Exchange-Based Plaintiffs, the Class Members, and the

Settling Defendant(s) party to the Terminated Agreement(s), all of whom shall be restored to their respective positions in the Action, as provided for in the applicable Settlement Agreement(s), except that any costs of Class Notice and administration paid or owing at the time of termination (up to a maximum of the amount specified in the applicable Settlement Agreement(s)), any taxes paid or payable on the Settlement Funds (including any costs and expenses of tax attorneys and accountants) at the time of termination or Escrow Agent costs paid or owing at the time of termination shall not be refunded to Settling Defendant(s).

23. **Use of this Order**. Neither this Order nor the proposed settlements (including the Settlement Agreements or any of their terms, any negotiations or proceedings connected with the Settlement Agreements, or any act performed or document executed pursuant to or in furtherance of the Settlements): (a) shall be admissible in any proceeding for any purpose, except to enforce the terms of this Order and/or the Settlement Agreements (including, without limitation, to seek dismissal of any pending or future action as a Released Claim or according to the doctrines of collateral estoppel or *res judicata*); (b) shall be deemed or construed to be or used as an admission, adjudication or evidence of the validity of any Released Claims, of any allegation made in the Action, or of any wrongdoing or liability of Releasees; or (c) shall be deemed to be or used as an admission, adjudication or evidence of any violation of any domestic or foreign statute, law, or regulation or of any liability, fault, wrongdoing or omission of the Releasees in any civil, criminal, or administrative proceeding before any court, administrative agency, arbitration panel or other tribunal. Nothing in this paragraph or the Settlement Agreements shall exclude Exchange-Based Plaintiffs from using any documents and testimony obtained in connection with the cooperation by Settling Defendants as set forth in the respective Settlement Agreements as necessary to continue to prosecute the Action against Non-Settling Defendants.

24. None of the Settling Defendants nor any of their counsel shall have any responsibility for, or liability whatsoever with respect to the notice procedures (except as provided in this Order and in the Settlement Agreements); the investment, administration, or distribution of the Settlement Funds; the plan of distribution; the determination, administration, calculation, or payment of any claims asserted against the Settlement Funds; or any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Class Plaintiffs or Settlement Class Counsel; or any allocation of the fee and expense award by Settlement Class Counsel. Any such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement Agreements. Further, neither Exchange-Based Plaintiffs nor Settlement Class Counsel shall have any obligation whatsoever for any amounts incurred or disbursed pursuant to the Settlement Agreements for costs and expenses of providing notice and/or administration of the Settlements.

25. The Court's preliminary certification of the Settlement Classes as provided herein is without prejudice to, or waiver of the rights of any defendant other than the Settling Defendants to contest certification of any other class proposed in the Action. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, and no party may cite or refer to the Court's preliminary approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class in this Action. Further, no party may cite or refer to the Court's preliminary approval of the Settlement Classes to support or oppose a motion to dismiss in this Action.

26. The Court retains jurisdiction to consider all further applications arising out of or relating to the proposed Settlements.

27. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Classes.

28. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

DATED: March 2, 2020

NAOMI R. BUCHWALD
UNITED STATES DISTRICT JUDGE