IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METZLER INVESTMENT GmbH, FTC FUTURES FUND SICAV, and FTC FUTURES FUND PCC LTD., ATLANTIC TRADING USA, LLC, 303030 TRADING LLC, GARY FRANCIS AND NATHANIAL HAYNES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, N.A., HSBC HOLDINGS PLC, HSBC BANK PLC, HBOS PLC, BANK OF SCOTLAND PLC, CITI BANK PLC, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, PORTIGON AG F/K/A WESTLB AG, WESTDEUTSCHE IMMOBILIENBANK AG, UBS GROUP AG, UBS AG, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES, INC., DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES, INC., DB GROUP SERVICES (UK) LIMITED, THE NORINCHUKIN BANK, ROYAL BANK OF CANADA, RBC CAPITAL MARKETS LLC, THE BANK OF TOKYOMITSUBISHI UFJ, LTD., COOPERATIVE CENTRAL RAIFFEISEN-BOERENLEENBANK B.A., SOCIÉTÉ GÉNÉRALE S.A., CITIGROUP, INC., CITIBANK N.A., CITIGROUP GLOBAL MARKETS, INC., MERRILL LYNCH INTERNATIONAL, ICAP PLC, ICAP EUROPE LIMITED, TRADITION (UK) LIMITED, TULLETT PREBON PLC, and JOHN DOES 4-25,<br><br>Defendants. | No. 11-md-2262 (NRB)<br>No. 11-cv-2613 |

**[PROPOSED] FINAL JUDGMENT AND ORDER AND FINAL APPROVAL OF
EXCHANGE-BASED PLAINTIFFS' CLASS ACTION SETTLEMENT
<u>WITH HSBC BANK PLC</u>**

This matter came for a duly-noticed hearing on _____, 202__ (the "Fairness Hearing"), upon the Exchange-Based Plaintiffs' Motion for Final Approval of Class Action Settlements with Defendants Bank of America, Barclays Bank plc, Citi, Deutsche Bank, HSBC Bank plc, JPMorgan, and Société Générale (the "Settling Defendants") in the above-captioned action (the "Action"). Due and adequate notice of the Stipulation and Agreement of Settlement with HSBC Bank plc ("HSBC" or "Settling Defendant") entered into on July 6, 2017 [ECF No. 2307-6] (the "Settlement Agreement") having been given to the members of the Settlement Class, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. §1715(d), having expired, the Fairness Hearing having been held, and the Court having considered the Settlement Agreement and all other papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. **Incorporation of Settlement Documents** - This Final Judgment and Order and Final Approval of Exchange-Based Plaintiffs' Class Action Settlement with HSBC Bank plc ("Final Judgment and Approval Order") hereby incorporates by reference the definitions in the Settlement Agreement and the Court's March 2, 2020 Order (1) Preliminarily Approving Settlements with Defendants Bank of America, Barclays Bank plc, Citi, Deutsche Bank, HSBC Bank plc, JPMorgan and Société Générale; (2) Approving the Proposed Form and Program of Notice; and (3) Scheduling a Fairness Hearing, *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262, 2020 WL 1059489 (S.D.N.Y. Mar. 2, 2020), [ECF No. 3038] (the "Preliminary Approval Order"). All terms used herein shall have the same meanings as set forth in the Settlement Agreement or Preliminary Approval Order unless otherwise indicated.

2.  **Settlement Class Certification for Settlement Purposes** - For purposes only of the Settlement, the Court hereby finally certifies the Settlement Class, as defined in the Preliminary Approval Order:

> All Persons, corporations and other legal entities (other than Defendants, their employees, affiliates, parents subsidiaries, and co-conspirators) that transacted in Eurodollar futures and/or options on Eurodollar futures on exchanges, including without limitation, the Chicago Mercantile Exchange, between January 1, 2003 and May 31, 2011. Excluded from the Class are: (i) Defendants, their employees, affiliates, parents, subsidiaries, and co-conspirators; (ii) the Releasees (as defined in Section 1(GG)); and (iii) any Class Member who files a timely and valid request for exclusion.

2020 WL 1059489 at *3 (quoting HSBC Settlement Agreement at ¶ 2.A, ECF No. 2307-6).

3.  **Requirements of Fed. R. Civ. P. 23** - Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have each been satisfied for purposes only of the Settlement.  In so holding, and solely for purposes of the Settlement, the Court finds that the Settlement Class meets all of the applicable requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Court hereby finds, in the specific context of and for the sole purposes of the Settlement, that: (i) the Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions, Fed. R. Civ. P. 23(a)(2); (iii) Exchange-Based Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, Fed. R. Civ. P. 23(a)(3); and (iv) Exchange-Based Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class and Settlement Class Counsel has adequately represented the interests of the Settlement Class, FED. R. CIV. P. 23(a)(4).  The Court also finds that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  Fed. R. Civ. P. 23(b)(3).

4.     **Settlement Class Counsel** - Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the law firms of Lovell Stewart Halebian Jacobson LLP and Kirby McInerney LLP are designated as settlement class counsel ("Settlement Class Counsel") for the Exchange-Based Plaintiffs' Action.

5.     **Jurisdiction** - This Court has subject matter jurisdiction over this Action under 28 U.S.C. § 1331, and, solely for purposes of approving and effectuating the Settlement Agreement and all exhibits attached thereto, personal jurisdiction over Exchange-Based Plaintiffs, the Settling Defendant, and all members of the Settlement Class.

6.     **Notice** - The Court finds that the mailed notice, publication notice, website, and Notice Program implemented pursuant to the Settlement Agreement and approved by the Court in the Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Revised Plan of Distribution, and of Settlement Class Counsel's application for any attorneys' fees and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.  The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator.  In accordance with paragraph 9 of the Preliminary Approval Order and based upon the Declaration of Steven Straub on Behalf of A.B. Data, Ltd. Regarding Notice and Claims Administration for Exchange-Based Plaintiffs' Class Action Settlements With Settling Defendants, the Court finds that the Settlement Administrator's

execution of the Notice Program approved by the Court constituted the best practicable under the circumstances and otherwise satisfies all applicable requirements of Federal Rule of Civil Procedure 23 and due process.  Additionally, the Court finds that the Settlement Administrator and the Settling Defendant have satisfied the additional notice efforts pursuant to paragraph 9(b) of the Preliminary Approval Order.  Finally, no Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to all Class Members to object to the Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act 28 U.S.C. §1715were fully discharged by HSBC and that the statutory waiting period has elapsed.

7. **Exclusion from the Settlement Class** - Any Settlement Class Members that have timely and validly submitted a Request for Exclusion from the Settlement Class ("Opt-Outs") are hereby excluded from the Settlement, are not bound by this Final Judgment and Approval Order, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.[1]

8. **Dismissal of the Action As to the Settling Defendant** – Except as to any individual claim by the Opt-Outs, it is hereby determined that all members of the Settlement Class, including the Exchange-Based Plaintiffs, are bound by the Settlement Agreement and this Final Judgment and Approval Order, and all of their and the Releasors' Released Claims[2] against

---

[1] The Opt-Outs to the Settlement are listed in Exhibit A to this Order.

[2] "Released Claims" are defined in ¶ 1(FF) of the Settlement Agreement as: "[A]ny and all manner of claims, including any unknown claims described in Section 12(B) below, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs,

the Releasees[3], as provided under the Settlement Agreement, are hereby dismissed with prejudice and released. Exchange-Based Plaintiffs' claims against the non-settling defendants in the Action are not dismissed and are not subject to this Final Judgment and Approval Order. The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

        9.     **Final Settlement Approval** - Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate as to, and in the best interests of the Settlement Class, including Exchange-Based Plaintiffs. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of

---

expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, now or ever had against Releasees, arising from or relating in any way to any conduct alleged in the Action or that could have been alleged in the Action against the Releasees concerning Eurodollar future contracts or options by Exchange-Based Plaintiffs, any Class Members, or Releasors, including, but not limited to, any purported manipulation of U.S. Dollar LIBOR ("LIBOR") under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, or any purported conspiracy or collusion between HSBC and any other Defendant (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1; California's Cartwright Act, Cal. Bus. & Prof. Code §§16720, *et seq.*; New York's Donnelly Act, N.Y. Gen. Bus. Law §§ 340, *et seq.*; any other federal, state, local, statutory or common law, in equity, or on any other law, rule or regulation; or the law of any foreign jurisdiction)."

[3] "Releasees" are defined in ¶ 1(GG) of the Settlement Agreement as: "HSBC, HSBC Holdings plc, and each of their respective predecessors, successors and assigns; each of their direct and indirect parents, subsidiaries, Affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, predecessors, and successors; and each of the foregoing's respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of HSBC or HSBC Holdings plc), shareholders (in their capacity as shareholders of HSBC or HSBC Holdings plc), attorneys, trustees, and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing."

the Parties, and that Settlement Class Counsel and Exchange-Based Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. **Termination of Settlement or Failure of Effective Date to Occur -** Notwithstanding the entry of this Final Judgment and Approval Order, in the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, (i) the provisions of this Final Judgment and Approval Order dismissing Exchange-Based Plaintiffs' claims shall be null and void; (ii) Exchange-Based Plaintiffs' claims shall be reinstated; (iii) the Settling Defendant's defenses shall be reinstated, including without limitation HSBC's and HSBC Holdings plc's objections to and defenses based on a lack of personal jurisdiction; (iv) the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with it, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; (v) the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; (vi) the Parties shall be returned to their respective positions before the Settlement Agreement was signed; and (vii) the Settlement Amount (less certain costs relating to class notice, settlement administration and any taxes) will be refunded to HSBC in conformance with Section 22(A) of the Settlement Agreement.  Notwithstanding the language in this Paragraph, any provision in the Settlement

Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11. **Establishment of Fiduciary Account** - The Settlement Fund has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a Qualified Settlement Fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12. **Retention of Jurisdiction** - Without affecting the finality of this Final Judgment and Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Judgment and Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of this Final Judgment and Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Judgment and Approval Order, and solely for purposes of effectuating the Settlement, Exchange-Based Plaintiffs, the Settling Defendant, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Judgment and Approval Order or the Settlement Agreement. Any disputes involving Exchange-Based Plaintiffs, the Settling Defendant, or members of the Settlement Class

concerning the implementation of the Settlement Agreement shall be submitted to the Court except as to those matters identified in the Settlement Agreement that are to be resolved by mediation or arbitration.

13. **Covenant Not to Sue** - Each member of the Settlement Class must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Settlement Class Member's share, if any, of the Net Settlement Fund. The Court hereby directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to members of the Settlement Class contains a copy of such release and covenant not to sue. However, each member of the Settlement Class's Released Claims shall be released pursuant to Section 12 of the Settlement Agreement, regardless of whether the member of the Settlement Class executes a release and covenant not to sue pursuant to this Paragraph 13.

14. **Release** - The Court hereby approves the Releasors'[4] releases of claims as set forth in this Final Judgment and Approval Order as of the Effective Date.[5]

---

[4] "Releasors" are defined in ¶ 1(HH) of the Settlement Agreement as: "Exchange-Based Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective predecessors, successors, assigns, beneficiaries, members, participants, investors, direct and indirect parents, subsidiaries, divisions, and Affiliates, and their current and former officers, directors, employees, agents, stockholders, trustees, fiduciaries, and legal or other representatives, and the predecessors, successors, heirs, executors, administrators, beneficiaries, and assigns of each of the foregoing, whether or not they object to the settlement set forth in this Settlement Agreement, and whether or not they make a claim for payment from the Net Settlement Fund. For the avoidance of doubt, Releasors include all Persons entitled to bring claims on behalf of a Class Member relating to Eurodollar futures or options or LIBOR manipulation or suppression. With respect to any Class Member that is a government entity, Releasor also includes any Person as to which the government entity has the legal right to release such claims."

[5] Section 12 of the Settlement Agreement provides as follows:

**Release and Covenant Not to Sue**
(A) Upon the Effective Date, and in exchange for the receipt of the Settlement Amount provided for herein, the receipt and sufficiency of which is hereby acknowledged, the Releasors, and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Releasees from any and all Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim in any lawsuit, arbitration or other

15. **<u>No Admission</u>** - Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged between or among counsel for Exchange-Based Plaintiffs and the Settling Defendant in connection with settlement discussions, and discussions associated with them, nor this Final Judgment and Approval Order

---

    proceeding against Releasee in any court or venue in any jurisdiction worldwide. Releasors further agree and covenant not to assist any third party in commencing or maintaining any suit against any Releasee related in any way to the Released Claims. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund. The releases set forth herein are given pursuant to New York law and are to be construed under New York law, including N.Y. General Obligations Law §15-108, which bars claims for contribution by joint tortfeasors and other similar claims. This Settlement Agreement is expressly intended to absolve Releasees from any claims for contribution, indemnification or similar claims from other Defendants in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the laws of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any Releasee. Notwithstanding the foregoing, should any court determine that any Defendant is/was legally entitled to any kind of contribution or indemnification from HSBC arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for contribution, indemnification or similar claims against HSBC. Except in the event of termination of this Settlement Agreement, the Settling Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.

(B)    This release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law. The Parties acknowledge, and Class Members shall be deemed to have acknowledged, that the release of such unknown claims was separately bargained for and was a key element of the Settlement Agreement.

is or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any domestic or foreign statute, law, or regulation or of any liability or wrongdoing by the Settling Defendant or any Releasee; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged between or among counsel for Exchange-Based Plaintiffs and the Settling Defendant in connection with settlement discussions, and discussions associated with them, nor this Final Judgment and Approval Order, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.  Notwithstanding anything to the contrary herein, the foregoing sentence does not apply to Cooperation Materials provided by the Settling Defendant to Exchange-Based Plaintiffs or by Exchange-Based Plaintiffs to the Settling Defendant in connection with the Settlement.  Moreover, notwithstanding anything to the contrary herein, the Releasees may file the Settlement Agreement or this Final Judgment and Approval Order, or both, in any action that may be brought against any of them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. **Bar Against Claims for Contribution or Indemnification** -To the fullest extent permitted under the laws of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any Releasee, the Court hereby bars any claims for contribution, indemnification or similar claims from other Defendants in the Action and other alleged co-conspirators, arising out of or related to the Released Claims.  Notwithstanding the foregoing, should any court determine that any Defendant or other co-conspirator is/was legally entitled to any kind of contribution or indemnification from a Releasee arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant or other co-conspirator shall be reduced to an amount such that, upon paying the entire amount, the Defendant or other co-conspirator would have no claim for contribution, indemnification or similar claims against the Releasee.

17. **Bar Against Claims by the Releasees for Contribution or Indemnification** – To the extent permitted by law, the Court bars claims by the Releasees for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of any settlement, judgment or otherwise against any of the Defendants (as defined in the Settlement Agreement).

18. **Rule 11 Findings** - The Court finds that, during the course of the Action, Exchange-Based Plaintiffs, the Settling Defendant, and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.  Any data or other information provided by members of the Settlement Class in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Settlement Class Counsel or experts or consultants acting on behalf of the

Settlement Class. In no event shall a member of the Settlement Class's data or personal information be made publicly available, except as provided for in the Settlement Agreement, herein, or upon Court order for good cause shown.

19. **Revised Plan of Distribution** – Upon review of the record, the Court finds that the Revised Plan of Distribution [ECF Nos. 2973, 3106] has a reasonable, rational basis and is fair and adequate. Therefore, the Revised Plan of Distribution is hereby finally approved. Consistent with Sections ¶¶1(S), 5(C), 10(iii) of the Settlement Agreement, the approval of the Revised Plan of Distribution shall in no way disturb or affect this Final Judgment and Approval Order or the Releases provided hereunder and shall be considered separate from this Final Judgment and Approval Order. No Person shall have any claim against Settlement Class Counsel or the Settlement Administrator based on distributions made substantially in accordance with the Settlement Agreement, the Revised Plan of Distribution, or further orders of the Court.

20. **Other Classes** - The Court's certification of the Settlement Class, and appointment of Exchange-Based Plaintiffs as Settlement Class Representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Exchange-Based Plaintiffs or any other person to certify a class, or of HSBC to contest any request by any other plaintiff(s) to certify a class in this multi-district litigation. The Court's findings in this Final Judgment and Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint class representatives in this litigation or any other litigation, and no party may cite or refer to the Court's approval of the Settlement Class or Settlement Class Representatives as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

21. **Separate Order** – Settlement Class Counsel's request for attorneys' fees, reimbursement of expenses and Settlement Class Representative service awards shall be the subject of a separate order.

22. **Entry of Order** – There is no just reason for delay in the entry of this Final Judgment and Approval Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**


DATED _____                 _____
                                                                                HON. NAOMI REICE BUCHWALD
                                                                                UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

[List of Opt-Outs]