# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | Master File No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| METZLER INVESTMENT GmbH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT SUISSE GROUP AG, et al. <br><br> Defendants. | No. 11 Civ. 2613 |

**[PROPOSED] FINAL JUDGMENT AND ORDER AND FINAL APPROVAL OF EXCHANGE-BASED PLAINTIFFS' CLASS ACTION SETTLEMENT WITH BARCLAYS BANK PLC**

This matter came for a duly-noticed hearing on September 17, 2020 (the "Fairness Hearing"), upon the Exchange-Based Plaintiffs' Motion for Final Approval of Class Action Settlements with Defendants Bank of America, Barclays Bank plc, Citi, Deutsche Bank, HSBC Bank plc, JPMorgan, and Société Générale in the above-captioned action (the "Action"). Due and adequate notice of the Settlement Agreement with Barclays Bank plc ("Barclays" or "Settling Defendant") entered into on October 7, 2014 [ECF No. 680-3] and the Amendment to Settlement Agreement Between Exchange-Based Plaintiffs and Barclays Bank plc dated September 15, 2017 [ECF No. 2307-3] (collectively, the "Settlement Agreement") having been given to the members of the Settlement Class, the Fairness Hearing having been held, and the Court having considered the Settlement Agreement and all other papers filed and proceedings

had herein and otherwise being fully informed in the premises, and good cause appearing

therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     **Incorporation of Settlement Documents** - This Final Judgment and Approval

Order hereby incorporates by reference the definitions in the Settlement Agreement and the

Court's March 2, 2020 Order (1) Preliminarily Approving Settlements with Defendants Bank of

America, Barclays Bank plc, Citi, Deutsche Bank, HSBC Bank plc, JPMorgan and Société

Générale; (2) Approving the Proposed Form and Program of Notice; and (3) Scheduling a

Fairness Hearing, *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2020

WL 1059489 (S.D.N.Y. Mar. 2, 2020); [ECF No. 3038]  (the "Preliminary Approval Order"),

and all terms used herein shall have the same meanings as set forth in the Settlement Agreement

or Preliminary Approval Order unless otherwise indicated.

2.     **Settlement Class Certification for Settlement Purposes** - For purposes only of

the Settlement, the Court hereby finally certifies the Settlement Class, as defined in the

Preliminary Approval Order:

> All Persons (other than Defendants, their employees, affiliates, parents,
> subsidiaries, and co-conspirators) that transacted in LIBOR-based Eurodollar
> futures or options on exchanges such as the Chicago Mercantile Exchange between
> January 1, 2003 through May 31, 2011.

2020 WL 1059489, at *2.  Based on the record, the Court reconfirms that the applicable

provisions of Rule 23 of the Federal Rules of Civil Procedure have each been satisfied for

purposes only of the Settlement.

3.     In so holding, the Court finds that the Settlement Class meets all of the applicable

requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Court

hereby finds, in the specific context of and for the sole purposes of the Settlement, that: (i) the

Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions, Fed. R. Civ. P. 23(a)(2); (iii) Exchange-Based Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, Fed. R. Civ. P. 23(a)(3); and (iv) Exchange-Based Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class and Settlement Class Counsel has adequately represented the interests of the Settlement Class, Fed. R. Civ. P. 23(a)(4).  The Court also finds that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  Fed. R. Civ. P. 23(b)(3).

4.     **Settlement Class Counsel** - Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the law firms of Lovell Stewart Halebian Jacobson LLP and Kirby McInerney LLP are designated as settlement class counsel ("Settlement Class Counsel") for the Exchange-Based Plaintiffs' Action.

5.     **Jurisdiction** - This Court has personal jurisdiction over Exchange-Based Plaintiffs, the Settling Defendant, and all members of the Settlement Class and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1331.

6.     **Notice** - The Court finds that the mailed notice, publication notice, website, and Notice Program implemented pursuant to the Settlement Agreement and approved by the Court in the Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Revised

Plan of Distribution, and of Settlement Class Counsel's application for any attorneys' fees and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.  The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator.  In accordance with paragraph 9 of the Preliminary Approval Order and based upon the Declaration of Steven Straub on Behalf of A.B. Data, Ltd. Regarding Notice and Claims Administration for Exchange-Based Plaintiffs' Class Action Settlements With Settling Defendants, the Court finds that the Settlement Administrator's execution of the Notice Program approved by the Court constituted the best practicable under the circumstances and otherwise satisfies all applicable requirements of Federal Rule of Civil Procedure 23 and due process.  Additionally, the Court finds that the Settlement Administrator and the Settling Defendant have satisfied the additional notice efforts pursuant to paragraph 9(b) of the Preliminary Approval Order.  Finally, no Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to all Class Members to object to the Settlements and to participate in the hearing thereon.

7.    **Exclusion from the Settlement Class** - Any Settlement Class Members that have timely and validly submitted a Request for Exclusion from the Settlement Class ("Opt-Outs") are hereby excluded from the Settlement, are not bound by this Final Judgment and Approval Order,

and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.[1]

8.      **Dismissal of the Action As to the Settling Defendant** – Except as to any individual claim by the Opt-Outs, it is hereby determined that all members of the Settlement Class are bound by the Settlement Agreement and this Final Judgment and Approval Order, and all of their Released Claims against the Releasees, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released in accordance with the terms of this Paragraph and Paragraph 14 below.  For the avoidance of doubt, Exchange-Based Plaintiffs' claims against the non-settling defendants in the Action are not dismissed.  The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

9.      **Final Settlement Approval** - Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate as to, and in the best interests of the Settlement Class Members, including Exchange-Based Plaintiffs. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure.  This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties, and that Class Counsel and Exchange-Based Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all

---

[1]      The Opt-Outs to the Settlement are listed in Exhibit A to this Order.

respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10.  **Termination of Settlement or Failure of Effective Date to Occur** - Notwithstanding the entry of this Final Judgment and Approval Order, in the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, (i) the provisions of this Final Judgment and Approval Order dismissing Exchange-Based Plaintiffs' claims shall be null and void; (ii) Exchange-Based Plaintiffs' claims shall be reinstated; (iii) the Settling Defendant's defenses shall be reinstated; (iv) the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with it, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; (v) the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; (vi) the Parties shall be returned to their respective positions before the Settlement Agreement was signed; and (vii) the Settlement Amount (less certain costs relating to class notice, settlement administration and any taxes) will be refunded to Barclays in conformance with Paragraph 36.1 of the Settlement Agreement.  Notwithstanding the language in this Paragraph, any provision in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11.  **Establishment of Fiduciary Account** - The Settlement Fund has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account").  The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a Qualified Settlement Fund pursuant to Section 468B of the

Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12.      **Retention of Jurisdiction** - Without affecting the finality of this Final Judgment and Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Judgment and Approval Order.  The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of this Final Judgment and Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members.  In addition, without affecting the finality of this Final Judgment and Approval Order, Exchange-Based Plaintiffs, the Settling Defendant, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Judgment and Approval Order or the Settlement Agreement.  Any disputes involving Exchange-Based Plaintiffs, the Settling Defendant, or members of the Settlement Class concerning the implementation of the Settlement Agreement shall be submitted to the Court except as to those matters identified in the Settlement Agreement that are to be resolved by mediation or arbitration.

13.      **Proof of Claim and Release Forms** - Each member of the Settlement Class must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Settlement Class Member's share, if any, of the Net Settlement Fund.  The Court hereby directs that the

Settlement Administrator shall ensure that each Proof of Claim and Release form provided to

members of the Settlement Class contains a copy of such release and covenant not to sue.

However, each member of the Settlement Class's Released Claims shall be released pursuant to

Paragraphs 14 and 15 of the Settlement Agreement, regardless of whether the member of the

Settlement Class executes a release and covenant not to sue pursuant to this paragraph 13.

14.   **Release and Covenant Not to Sue** - The Court hereby approves the Releasors'

releases of claims as set forth in the Settlement Agreement[2] and this Final Judgment and

---

[2]      Under Paragraph 14 of the Settlement Agreement:

**Exchange-Based Plaintiffs' Release and Covenant Not to Sue.** Upon the Effective Date, and in exchange for the receipt of the Settlement Amount provided for herein, the receipt and sufficiency of which is hereby acknowledged, the Releasors, and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Releasees from any and all Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim in any lawsuit, arbitration or other proceeding against any Releasee in any court or venue in any jurisdiction worldwide. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund. The releases set forth herein are given pursuant to New York law and are to be construed under New York law, including N.Y. General Obligations Law § 15-108, which bars claims for contribution by joint tortfeasors and other similar claims. This Agreement is expressly intended to absolve Releasees against any claims for contribution, indemnification or similar claims from other defendants in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any Releasee. Notwithstanding the foregoing, should any court determine that any Defendant is/was legally entitled to any kind of contribution or indemnification from Barclays arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for contribution, indemnification or similar claims against Barclays. Except in the event of termination of this Settlement, the Settling Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.

Under Paragraph 15 of the Settlement Agreement:

**Unknown Claims/California Civil Code Section 1542.** The release set forth in ¶ 14, above, constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST

Approval Order as of the Effective Date.  Specifically, as of the Effective Date, the Releasors[3]

shall be deemed to have, and operation of this Final Judgment and Approval Order shall have,

fully, finally and forever released, relinquished and discharged Releasees[4] from all Released

Claims[5] in accordance with the terms of the Settlement Agreement.

---

HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The release set forth in ¶ 14, above, also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Releasors acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Releasors assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

[3]     Under Paragraph 1.27 of the Settlement Agreement "Releasors" means:

Exchange-Based Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, their current and former officers, directors, employees, agents, and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. With respect to any Class Member that is a government entity, Releasor includes any Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasor.

[4]     Under Paragraph 1.26 of the Settlement Agreement, "Releasees" means:

Barclays, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries, and affiliates, and its respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Barclays), shareholders (in their capacity as shareholders of Barclays), attorneys, and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. "Affiliates" in this provision means entities controlling, controlled by, or under common control with a Releasee.

[5]     Under Paragraph 1.25 of the Settlement Agreement, "Released Claims" means:

any and all manner of claims, debts, demands, rights, interests, actions, suits, causes of action, whether class, individual or otherwise in nature, fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever) whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule or regulation, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, now or ever had against Releasees, arising from or relating in any

15.     **Bar Against Claims Against the Releasees for Contribution or**

**Indemnification** – To the extent permitted by law, the Court bars claims by other Defendants (as

defined in the Settlement Agreement) or any other Person subsequently added or joined as a

defendant in the Action, arising out of or related to the Released claims, against the Settling

Defendant or any Releasees for contribution or indemnification (however denominated).

Notwithstanding the foregoing, should any court determine that any Defendant is or was legally

entitled to any kind of contribution or indemnification from the Settling Defendant arising out of

or related to Released Claims, the Releasors agree that any money judgment subsequently

obtained by the Releasors against any Defendant shall be reduced to an amount such that, upon

paying the entire amount, the Defendant would have no claim for contribution, indemnification,

or similar claims (however denominated) against the Settling Defendant.

16.     **Bar Against Claims by the Releasees for Contribution or Indemnification** –

To the extent permitted by law, the Court bars claims by the Releasees for contribution or

indemnification (however denominated) for all or a portion of any amounts paid or awarded in

the Action by way of any settlement, judgment or otherwise against any of the Defendants (as

defined in the Settlement Agreement) or any other Person subsequently added or joined as a

defendant in the Action.

17.     **No Admission** - Neither the Settlement Agreement (nor its exhibits), whether or

not it shall become Final, nor any negotiations, documents exchanged between or among counsel

---

way to any conduct alleged in the Action or that could have been alleged in the Action against the
Releasees concerning Eurodollar future contracts or options by Exchange-Based Plaintiffs, any Class
Members, or Releasors, including, but not limited to, any purported manipulation of USD LIBOR under the
Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, or any purported conspiracy or collusion between Barclays
and any other Defendant (including, but not limited to, all claims under Section 1 of the Sherman Antitrust
Act, 15 U.S.C. § 1; California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*; New York's
Donnelly Act, N.Y. Gen. Bus. Law §§ 340, *et seq.*; and any other federal or state statute or common law, or
the law of any foreign jurisdiction).

for Exchange-Based Plaintiffs and the Settling Defendant in connection with settlement
discussions, and discussions associated with them, nor the Final Judgment and Approval Order is
or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any
violation of any domestic or foreign statute, law, or regulation or of any liability or wrongdoing
by the Settling Defendant or any Releasee; (b) the truth of any of the claims or allegations
alleged in the Action; (c) the incurrence of any damage, loss or injury by any Person; (d) the
existence or amount of any artificiality; or (e) the propriety of certification of a class other than
solely for purposes of the Settlement.  Further, neither the Settlement Agreement (nor its
exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged
between or among counsel for Exchange-Based Plaintiffs and the Settling Defendant in
connection with settlement discussions, and discussions associated with them, nor the Final
Judgment and Approval Order, may be discoverable, offered or received in evidence, or used
directly or indirectly, in any way, whether in the Action or in any other action or proceeding of
any nature, by any Person, except if warranted by existing law in connection with a dispute under
the Settlement Agreement or an action (including this Action) in which the Settlement
Agreement is asserted as a defense.  Notwithstanding anything to the contrary herein, the
foregoing sentence does not apply to Cooperation Materials provided by the Settling Defendant
to Exchange-Based Plaintiffs or by Exchange-Based Plaintiffs to the Settling Defendant in
connection with the Settlement.

18.   **Rule 11 Findings** - The Court finds that, during the course of the Action,
Exchange-Based Plaintiffs, the Settling Defendant, and their respective counsel at all times
complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each
other.  Any data or other information provided by members of the Settlement Class in connection

with the submission of claims shall be held in strict confidence, available only to the Settlement

Administrator, Settlement Class Counsel or experts or consultants acting on behalf of the

Settlement Class.  In no event shall a member of the Settlement Class's data or personal

information be made publicly available, except as provided for in the Settlement Agreement,

herein, or upon Court order for good cause shown.

19.     **Revised Plan of Distribution** – Upon review of the record, the Court finds that

the Revised Plan of Distribution [ECF Nos. 2973, 3106] has a reasonable, rational basis and is

fair and adequate.  Therefore, the Revised Plan of Distribution is hereby finally approved.

Consistent with Paragraph 8 of the Settlement Agreement, the approval of the Revised Plan of

Distribution shall in no way disturb or affect this Final Judgment and Approval Order or the

Releases provided hereunder and shall be considered separate from this Final Judgment and

Approval Order.  No Person shall have any claim against Settlement Class Counsel or the

Settlement Administrator based on distributions made substantially in accordance with the

Settlement Agreement, the Revised Plan of Distribution, or further orders of the Court.  And, in

accordance with Paragraph 19 of the Settlement Agreement, the Releasees and their counsel shall

have no responsibility for, interest in, or liability whatsoever with respect to the investment or

distribution of the Settlement Fund, the Revised Plan of Distribution, the determination,

administration, or calculation of claims, the payment of withholding of Taxes or Tax Expenses,

the distribution of the Net Settlement Fund, or any losses incurred in connection with any such

matters.

20.     **Other Classes** - The Court's certification of the Settlement Class, and

appointment of Exchange-Based Plaintiffs as Settlement Class Representatives, as provided

herein are without prejudice to, or waiver of, the rights of any Defendant to contest any other

request by Exchange-Based Plaintiffs or any other person to certify a class.  The Court's findings

in this Final Judgment and Approval Order shall have no effect on the Court's ruling on any

motion to certify any class or to appoint class representatives in this litigation or any other

litigation, and no party may cite or refer to the Court's approval of the Settlement Class or

Settlement Class Representatives as binding or persuasive authority with respect to any motion

to certify such class or appoint class representatives.

   21. **<u>Separate Order</u>** – Settlement Class Counsel's request for attorneys' fees,

reimbursement of expenses and Settlement Class Representative service awards shall be the

subject of a separate order.

   22. **<u>Entry of Order</u>** – There is no just reason for delay in the entry of this Final

Judgment and Approval Order, and immediate entry by the Clerk of the Court is expressly

directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**


DATED _____  _____
                 HON. NAOMI REICE BUCHWALD
                 UNITED STATES DISTRICT JUDGE

## EXHIBIT A

1. National Credit Union Administration, as liquidating agent for U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, Southwest Corporate Federal Credit Union and Constitution Corporate Federal Credit Union.
2. Salix Capital US, Inc.
3. The City of Philadelphia and The Pennsylvania Intergovernmental Corporation Authority
4. Prudential Investment Portfolios 2, f/k/a Dryden Core Investment Fund, obo PGIM Core Short-Term Bond Fund (f/k/a Prudential Core Short -Term Bond Fund) and PGIM Core Ultra Short Bond Fund (f/k/a Prudential Core Taxable Money Market Fund)
5. Darby Financial Products and Capital Ventures International
6. Federal Home Loan Mortgage Corporation ("Freddie Mac")