IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | Master File No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| METZLER INVESTMENT GmbH, et al., Plaintiffs, v. CREDIT SUISSE GROUP AG, et al., Defendants. | No. 11 Civ. 2613 |

**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS CREDIT SUISSE AG, LLOYDS BANK PLC, BANK OF SCOTLAND PLC, NATWEST MARKETS PLC, PORTIGON AG, WESTDEUTSCHE IMMOBILIENBANK AG, ROYAL BANK OF CANADA, RBC CAPITAL MARKETS, LLC, COÖPERATIEVE RABOBANK U.A., THE NORINCHUKIN BANK, MUFG BANK, LTD., AND UBS AG**

This matter came for a duly-noticed hearing on September 5, 2024 (the "Fairness Hearing"), upon the Exchange-Based Plaintiffs' Motion for Final Approval of Settlement with Credit Suisse AG ("Credit Suisse")[1], Lloyds Bank plc and Bank of Scotland plc (together, "Lloyds"), NatWest Markets plc (f/k/a The Royal Bank of Scotland plc) ("NatWest"), Portigon AG (f/k/a WestLB) and Westdeutsche Immobilienbank AG (n/k/a Westdeutsche Immobilien Servicing AG) (together, "Portigon"), Royal Bank of Canada and RBC Capital Markets, LLC (together, "RBC"), Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.) ("Rabobank"), The Norinchukin Bank ("Norinchukin"), MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.), and UBS AG ("UBS") (collectively, the "Settling Defendants" and together with Exchange-Based Plaintiffs, the "Settling Parties"), in the above-captioned action (the "Action"). Due and adequate notice of the Stipulation and Agreement of Settlement with the Settling Defendants Credit Suisse, Lloyds, NatWest, Portigon, RBC, Rabobank, Norinchukin, MUFG, and UBS entered into on April 8, 2024 (the "Settlement Agreement") having been given to the members of the Settlement Class, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. **Incorporation of Settlement Documents** – This Final Judgment and Order Granting Final Approval of Class Action Settlement with the Settling Defendants ("Final Judgment and Approval Order") hereby incorporates by reference the definitions in the Settlement Agreement and the Court's April 26, 2024 Order (1) Preliminarily Approving Settlements with

---

[1] Credit Suisse AG merged with and into UBS AG and ceases to exist.

Defendants Credit Suisse AG ("Credit Suisse"), Lloyds Bank plc and Bank of Scotland plc (together, "Lloyds"), NatWest Markets plc (f/k/a The Royal Bank of Scotland plc) ("NatWest"), Portigon AG (f/k/a WestLB) and Westdeutsche Immobilienbank AG (n/k/a Westdeutsche Immobilien Servicing AG) (together, "Portigon"), Royal Bank of Canada and RBC Capital Markets, LLC (together, "RBC"), Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.) ("Rabobank"), The Norinchukin Bank ("Norinchukin"), MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.), and UBS AG ("UBS") (collectively, the "Settling Defendants"); (2) Conditionally Certifying the Settlement Class; (3) Appointing Settlement Class Counsel; (4) Approving Claims Administrator and Escrow Agent; (5) Approving Notice Program; (6) Preliminarily Approving Plan of Distribution; and (7) Scheduling a Fairness Hearing ("Preliminary Approval Order") and all capitalized terms used herein shall have the same meaning as those set forth in the Settlement Agreement or Preliminary Approval Order, unless otherwise indicated.

2.  **Settlement Class Certification for Settlement Purposes** – For purposes only of the Settlement, the Court hereby finally certifies the Settlement Class, as defined in the Preliminary Approval Order. ECF No. 4028. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3.  In so holding, the Court finds that the Settlement Class meets all of the applicable requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Court hereby finds, in the specific context of and for the sole purposes of the Settlement, that: (i) the Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, Fed. R. Civ. P. 23(a)(1); (ii) there are questions of law and fact common to the Settlement Class which

predominate over any individual questions, Fed. R. Civ. P. 23(a)(2); (iii) Exchange-Based Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, Fed. R. Civ. P. 23(a)(3); and (iv) Exchange-Based Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class and Settlement Class Counsel has adequately represented the interests of the Settlement Class, Fed. R. Civ. P. 23(a)(4). The Court further determines that common questions of law and fact predominate over questions affecting individual members. Fed. R. Civ. P. 23(b)(3). The Court also finds that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3).

4. **Jurisdiction** – This Court has personal jurisdiction over Exchange-Based Plaintiffs, Settling Defendants, and all members of the Settlement Class for purposes of approving and effectuating the Settlement and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1331.

5. **Notice** – The Court finds that the Postcard Notice, Long Form Notice, Summary Notice, Claim Form, settlement website, and Notice Program implemented pursuant to the Settlement Agreement and approved by the Court in the Preliminary Approval Order dated April 26, 2024: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Plan of Distribution, and of Class Counsel's application for any attorneys' fees and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil

Procedure 23, due process, and any other applicable rules or law. Based upon the submissions from Settling Defendants dated April 19 and 24, 2024, the Court further finds that the Settling Defendants have complied with their obligations under the Class Action Fairness Act 28 U.S.C. §1715.

6. **Exclusion from the Settlement Class** – Any Settlement Class Members that have timely and validly submitted a Request for Exclusion from the Settlement Class ("Opt-Outs") are hereby excluded from the Settlement, are not bound by this Final Judgment and Approval Order, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.[2]

7. **Dismissal of the Action** – Except as to any individual claim by the Opt-Outs, it is hereby determined that all members of the Settlement Class are bound by the Settlement Agreement and this Final Judgment and Approval Order, and all of their Released Claims against the Releasees, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released. For the avoidance of doubt, the Court hereby dismisses all claims that Exchange-Based Plaintiffs have asserted, or sought to assert through leave to amend, against the Settling Defendants in the Action in their entirety and with prejudice. The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

8. **Final Settlement Approval** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Exchange-Based Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length

---

[2] The Opt-Outs to the Settlement are listed in Exhibit A to this Order.

negotiations between experienced counsel representing the interests of the Parties, and that Class Counsel and Exchange-Based Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions.

9. **Release** – The Court hereby approves the Releasors' releases of Released Claims as to the Releasees as set forth in this Final Judgment and Approval Order as of the Effective Date.[3]

---

[3] Under Section 11 of the Settlement Agreement:

(A) Upon the Effective Date, and in exchange for the receipt of the Settlement Amount provided for herein, the receipt and sufficiency of which, as provided for herein, is hereby acknowledged, the Releasors, and any other Person claiming against the Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Releasees from any and all Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim in any lawsuit, arbitration, or other proceeding against any Releasee in any court or venue in any jurisdiction worldwide. Releasors further agree and covenant not to assist any third party in commencing or maintaining any suit against any Releasee related in any way to the Released Claims. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund or Net Settlement Fund. The releases set forth herein are given pursuant to New York law and shall be construed under New York law, including N.Y. General Obligations Law § 15-108, which bars claims for contribution by joint tortfeasors and other similar claims, without regard to New York's conflict or choice of law principles. This Agreement is expressly intended to absolve Releasees from any claims for contribution, indemnification, or similar claims (however denominated) by (i) any of the other Defendants, (ii) any other Person formerly named as a party in the Action, and (iii) any alleged co-conspirators or any other Person subsequently added or joined as a party in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims (however denominated) against any Releasee. Notwithstanding the foregoing, should any court determine that any Defendant, Person formerly named as a party in the Action, or any other Person subsequently added or joined as a party in the Action is or was legally entitled to any kind of contribution or indemnification from Settling Defendants arising out of or related to Released Claims, the Releasors agree that any money judgment subsequently obtained by the Releasors against any Defendant, Person formerly named as a party in the Action, or any other Person subsequently added or joined as a party in the Action, related to the Released Claims shall be reduced to an amount such that, upon paying the entire amount, the Defendant, any Person formerly named as a party in the Action, or any other Person subsequently added or joined as a party in the Action, would have no claim for contribution, indemnification, or similar claims against Settling Defendants. Except in the event of termination of this Settlement, the Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure, or any similar law, rule, or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.

(B) Although the foregoing is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

10. **Contribution** –To the fullest extent permitted by law, the Court hereby bars claims against the Releasees for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of any settlement, judgment or otherwise by any other Defendant, Person formerly named as a party in the Action, or any other Person subsequently added or joined as a party in the Action.

11. **Termination of Settlement or Failure of Effective Date to Occur** – Notwithstanding the entry of this Final Judgment and Approval Order, in the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, (i) the provisions of this Final Judgment and Approval Order dismissing Exchange-Based Plaintiffs' claims shall be null and void; (ii) Exchange-Based Plaintiffs' claims shall be reinstated; (iii) Settling Defendants' defenses shall be reinstated; (iv) the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with it, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; (v) the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or

---

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state, or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, or equivalent to, or that has the effect of, Section 1542 of the California Civil Code. The Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law, and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

effect; and (vi) the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

12. **Establishment of Fiduciary Account** – The Settlement Fund has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a Qualified Settlement Fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

13. **Retention of Jurisdiction** – Without affecting the finality of the Final Judgment and Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Judgment and Approval Order, Exchange-Based Plaintiffs, Settling Defendants, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Judgment and Approval Order or the Settlement Agreement. Any disputes involving Exchange-Based Plaintiffs, the Settling Defendants, or members of the Settlement Class concerning the

implementation of the Settlement Agreement shall be submitted to the Court except as to those matters identified in the Settlement Agreement that are to be resolved by mediation or arbitration.

14. **Covenant Not to Sue** – Each member of the Settlement Class must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Settlement Class Member's share, if any, of the Net Settlement Fund. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator, and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to members of the Settlement Class contains a copy of such release and covenant not to sue. However, each member of the Settlement Class's Released Claims shall be released as against the Releasees pursuant to Section 11 of the Settlement Agreement, regardless of whether the member of the Settlement Class executes a release and covenant not to sue pursuant to this Section 11.

15. **No Admission** – Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Exchange-Based Plaintiffs and the Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Judgment and Approval Order is or shall be deemed or construed to be or used as an admission, adjudication, or evidence of: (a) any violation of any domestic or foreign statute, law, or regulation or of any liability, fault, wrongdoing or omission by the Settling Defendants or any other Releasee; (b) the truth of any of the claims or allegations asserted or alleged in the Action, or of the Released Claims; (c) the incurrence of any damage, loss or injury by any Person; (d) the existence or amount of any artificiality; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not they shall become final, nor any

8

negotiations, documents exchanged among counsel for Exchange-Based Plaintiffs and the Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Judgment and Approval Order, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Judgment and Approval Order; and (ii) do not limit the rights of members of the Settlement Class.

16. **Rule 11 Findings** – The Court finds that, during the course of the Action, Exchange-Based Plaintiffs, the Settling Defendants, and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by members of the Settlement Class in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Settlement Class Counsel, experts or consultants acting on behalf of the Settlement Class. In no event shall a member of the Settlement Class's data or personal information be made publicly available, except as provided for in the Settlement Agreement, herein, or upon Court Order for good cause shown.

17. **Plan of Distribution** – Upon review of the record, the Court finds that the Plan of Distribution [ECF No. 4012-7] has a reasonable, rational basis and is fair and adequate. Therefore, the Plan of Distribution is hereby finally approved.

18. **Separate Order** – Class Counsel's request for attorneys' fees, reimbursement of expenses and Settlement Class Representative service awards shall be the subject of a separate order.

19. **Other Classes** – The Court's certification of the Settlement Class, and appointment of Exchange-Based Plaintiffs as Settlement Class Representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Exchange-Based Plaintiffs to certify a class. The Court's findings in this Final Judgment and Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint class representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class or Settlement Class Representatives as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

20. **Entry of Order** – There is no just reason for delay in the entry of this Final Judgment and Approval Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: September 5, 2024

New York, New York

_____
HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE