**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | Master File No. 11-md-2262 (NRB) |
| THIS DOCUMENT RELATES TO: | |
| METZLER INVESTMENT GmbH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT SUISSE GROUP AG, et al. <br><br> Defendants. | No. 11 Civ. 2613 |

**[PROPOSED] ORDER AUTHORIZING EXCHANGE-BASED**
**PLAINTIFFS' MOTION FOR DISTRIBUTION OF**
**NET SETTLEMENT FUND AND FOR REIMBURSEMENT OF CLAIMS**
**ADMINISTRATION EXPENSES**

WHEREAS, by its Final Judgment and Order dated September 5, 2024 (ECF No. 4110), this Court approved the terms of the Settlement[1] and the Plan of Distribution for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court has directed the parties to administer the terms of the Settlement and Plan of Distribution; and

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Settlement Agreement between Exchange-Based Plaintiffs and the "Remaining Settling Defendants": (i) Credit Suisse AG; (ii) Lloyds Bank plc and Bank of Scotland plc; (iii) NatWest Markets plc (f/k/a The Royal Bank of Scotland plc); (iv) Portigon AG (f/k/a WestLB) and Westdeutsche Immobilienbank AG (n/k/a Westdeutsche Immobilien Servicing AG); (v) Royal Bank of Canada and RBC Capital Markets, LLC; (vi) Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.); (vii) The Norinchukin Bank; (viii) MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.); and (ix) UBS AG. Credit Suisse AG merged with and into UBG AG and ceases to exist.

WHEREAS, entities that participated in the distribution from prior settlements were automatically included in this distribution; and

WHEREAS, as set forth in the Court-approved Notice, the deadline for Class Members to submit Proof of Claim and Release forms to the claims administrator for the Settlement, A.B. Data, Ltd. ("A.B. Data" or the "Claims Administrator"), in order to participate in the distribution of the Settlement Fund was October 21, 2024; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (i) informed that their claims were ineligible or deficient; and (ii) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Class Counsel now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after the payment of any taxes and unpaid costs or expenses; and

WHEREAS, this Court has retained jurisdiction of this Action with respect to enforcement of the terms of the Settlement, including considering any further application or matter which may arise in connection with the implementation of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing of: (1) Exchange-Based Plaintiffs' memorandum of law in support of their Motion for Entry of an Order Approving the Distribution of the Net Settlement Fund and for Reimbursement of Claims Administration Expenses; (2) the supporting Declaration of David E. Kovel dated January 5, 2026; (3) the supporting Declaration of Jack Ewashko of A.B. Data, Ltd. dated January 2, 2026 ("A.B. Data Declaration") and the

2

exhibits attached thereto; and (4) upon all prior proceedings heretofore, and after due deliberation, it is hereby:

ORDERED, that the administrative determinations of A.B. Data to accept the Timely Eligible Claims, as set forth in Exhibit A of the A.B. Data Declaration, and the Late But Otherwise Eligible Claims, as set forth in Exhibit B of the A.B. Data Declaration, are adopted and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of A.B. Data to reject the claims on the list of Revised - Rejected Claims, as set forth in Exhibit C of the A.B. Data Declaration, are adopted and said claims are hereby rejected; and it is further

ORDERED, that any claim submitted after October 31, 2025 is and will be rejected, and that no further claims against the Settlement Fund be permitted; and it is further

ORDERED, that no further adjustments or corrections to claims submitted after October 31, 2025 may be accepted; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that the balance of the Settlement Fund, after deducting payments previously allowed or set forth herein, shall be distributed to the Authorized Claimants previously approved by the Court in proportion to: (i) each Authorized Claimant's Recognized Net Loss as compared to the total Recognized Net Loss of all accepted claimants and multiplied by 75% of the amount of the Net Settlement Fund; and/or (ii) each Authorized Claimant's Recognized Net Volume as compared to the total Recognized Net Volume of all accepted claimants and multiplied by 25% of the amount of the Net Settlement Fund, as shown on such printout; and it is further

3

ORDERED, that any Authorized Claimant whose *pro rata* Distribution Amount is greater than $0 and $19.99 or less shall receive a minimum payment of $20.00 (the "Minimum Payment") and will not be eligible to receive any further distribution from the Net Settlement Fund; and it is further

ORDERED, that after excluding Authorized Claimants who will receive the Minimum Payment, any Authorized Claimant whose Distribution Amount recalculates to $20.00 or more will receive their *pro rata* Distribution Amount from the remaining balance of the Net Settlement Fund ("Initial Distribution"); and it is further

ORDERED, that any checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY.   VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE." Class Counsel and A.B. Data are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time; and it is further

ORDERED, that the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the monies remaining in the Net Settlement Fund; and it is further

ORDERED, that: (a) in a reasonable amount of time after the Initial Distribution, any funds remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks and following consultation with Class Counsel, shall be redistributed, if economically feasible, to Settlement Class Members who have cashed their distributions and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in

4

administering the Net Settlement Fund for such redistribution; and (b) if there is any balance remaining in the Net Settlement Fund after redistribution to Authorized Claimants, and further redistribution is not economically feasible, then such remaining funds, after payment of any further notice and administration expenses and taxes, shall be donated to a nonsectarian, not-for-profit 501(c)(3) organization(s) recommended by Class Counsel and approved by the Court; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulations and the Plan of Distribution and that all Persons who are involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim filed in this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund, or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, beyond the amount allocated to Authorized Claimants, and to provide that all Persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement; and it is further

ORDERED, that this Order shall not release any claim by Exchange-Based Plaintiffs against the Claims Administrator with respect to distributions, if any, if later discovered to have been made not substantially in accordance with the Stipulations, the Plan of Distribution, or any order of the Court; and it is further

ORDERED, that A.B. Data's request for payment of its estimate for the distributions as set forth above in the amount of $27,269.93, is approved; and it is further

ORDERED, that A.B. Data is permitted to destroy paper and electronic copies of the Claims and all supporting documentation one year after all funds from these Settlements have been distributed, and the Action has finally terminated; and it is further

ORDERED, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

IT IS SO ORDERED

This ___15___ day of ___January___ 2026
New York, New York

_____
Honorable Naomi Reice Buchwald
United States District Judge